UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :    INDICTMENT

      - v. -                                  :    12 Cr.

RAYMOND CHRISTIAN,
    a/k/a "Reckless,"
JAMES WILLIAMS,                   :
    a/k/a "L-1,"
TYRELL WHITAKER,                  :
    a/k/a "Bow Wow,"
RASHAWN VASSELL,                  :
    a/k/a "Bash,"
GLENN THOMAS,                     :
    a/k/a "Gucci," and
KEVIN BURDEN,                     :
    a/k/a "Kev Gotti,"
                            :

          Defendants.
                            :

- - - - - - - - - - - - - - - - - -x

12 CRIM 626




## COUNT ONE

The Grand Jury charges:

1.   In or about December 2010, in the Southern District of New York and elsewhere, RAYMOND CHRISTIAN, a/k/a "Reckless," JAMES WILLIAMS, a/k/a "L-1," TYRELL WHITAKER, a/k/a "Bow Wow," RASHAWN VASSELL, a/k/a "Bash," GLENN THOMAS, a/k/a "Gucci," and KEVIN BURDEN, a/k/a "Kev Gotti," the defendants, and others known and unknown, unlawfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18,

United States Code, Section 1951(b)(3), to wit, the defendants and others agreed to commit an armed robbery of individuals they believed to be in possession of narcotics and narcotics proceeds in Newburgh, New York.

<u>Overt Acts</u>

2.  In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.  On or about December 15, 2010, JAMES WILLIAMS, a/k/a "L-1," and KEVIN BURDEN, a/k/a "KEV GOTTI," arranged for firearms to be provided to RAYMOND CHRISTIAN, a/k/a "Reckless," TYRELL WHITAKER, a/k/a "Bow Wow," RASHAWN VASSELL, a/k/a "Bash," GLENN THOMAS, a/k/a "Gucci," and other co-conspirators not named as defendants herein.

b.  On or about December 15, 2010, CHRISTIAN, WHITAKER, VASSELL, THOMAS, and other co-conspirators not named as defendants herein, robbed and attempted to rob individuals selling cocaine base and marijuana from an apartment located at 54 Chambers Street, Newburgh, New York.

(Title 18, United States Code, Section 1951.)

COUNT TWO

The Grand Jury further charges:

3. On or about December 15, 2010, in the Southern District of New York and elsewhere, RAYMOND CHRISTIAN, a/k/a "Reckless," JAMES WILLIAMS, a/k/a "L-1," TYRELL WHITAKER, a/k/a "Bow Wow," RASHAWN VASSELL, a/k/a "Bash," GLENN THOMAS, a/k/a "Gucci," and KEVIN BURDEN, a/k/a "Kev Gotti," the defendants, and others known and unknown, unlawfully and knowingly did commit and attempt to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, the defendants committed and attempted to commit an armed robbery of individuals they believed to be in possession of narcotics and narcotics proceeds, in the vicinity of 54 Chambers Street, Newburgh, New York.

(Title 18, United States Code, Sections 1951 and 2.)

COUNT THREE

The Grand Jury further charges:

4. In or about December 2010, in the Southern District of New York and elsewhere, RAYMOND CHRISTIAN, a/k/a "Reckless," JAMES WILLIAMS, a/k/a "L-1," TYRELL WHITAKER, a/k/a "Bow Wow," RASHAWN VASSELL, a/k/a "Bash," GLENN THOMAS, a/k/a "Gucci," and

3

KEVIN BURDEN, a/k/a "Kev Gotti," the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

5. It was a part and an object of the conspiracy that in or about December 2010, in the Southern District of New York and elsewhere, RAYMOND CHRISTIAN, a/k/a "Reckless," JAMES WILLIAMS, a/k/a "L-1," TYRELL WHITAKER, a/k/a "Bow Wow," RASHAWN VASSELL, a/k/a "Bash," GLENN THOMAS, a/k/a "Gucci," and KEVIN BURDEN, a/k/a "Kev Gotti," the defendants, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

6. The controlled substances involved in the offense were: (1) mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of Title 21, United States Code, Section 841(b)(1)(C); and (2) a quantity of marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(D).

(Title 21, United States Code, Section 846.)

### COUNT FOUR

The Grand Jury further charges:

7. On or about December 15, 2010, in the Southern District of New York, RAYMOND CHRISTIAN, a/k/a "Reckless," JAMES

4

WILLIAMS, a/k/a "L-1," TYRELL WHITAKER, a/k/a "Bow Wow," RASHAWN VASSELL, a/k/a "Bash," GLENN THOMAS, a/k/a "Gucci," and KEVIN BURDEN, a/k/a "Kev Gotti," the defendants, and others known and unknown, willfully and knowingly, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the robbery conspiracy, robbery, and attempted robbery described in Counts One and Two above, did use and carry firearms, and, in furtherance of such crimes, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, and in the course thereof did cause the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, the defendants caused the death of Jeffrey Henry by discharging a firearm at Jeffrey Henry, in the vicinity of 54 Chambers Street, Newburgh, New York.

(Title 18, United States Code, Sections 924(j)(1) and 2.)

### SPECIAL FINDINGS AS TO RAYMOND CHRISTIAN

8. As to Count Four of the Indictment, alleging the murder of Jeffrey Henry, RAYMOND CHRISTIAN, a/k/a "Reckless," the defendant:

    a. was 18 years of age or older at the time of the offense;

    b. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of

death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

### SPECIAL FINDINGS AS TO JAMES WILLIAMS

9. As to Count Four of the Indictment, alleging the murder of Jeffrey Henry, JAMES WILLIAMS, a/k/a "L-1," the defendant:

    a. was 18 years of age or older at the time of the offense;

    b. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

### SPECIAL FINDINGS AS TO TYRELL WHITAKER

10. As to Count Four of the Indictment, alleging the murder of Jeffrey Henry, TYRELL WHITAKER, a/k/a "Bow Wow," the defendant:

    a. was 18 years of age or older at the time of the offense;

b. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

### SPECIAL FINDINGS AS TO RASHAWN VASSELL

11. As to Count Four of the Indictment, alleging the murder of Jeffrey Henry, RASHAWN VASSELL, a/k/a "Bash," the defendant:

a. was 18 years of age or older at the time of the offense;

b. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

### SPECIAL FINDINGS AS TO GLENN THOMAS

12. As to Count Four of the Indictment, alleging the murder of Jeffrey Henry, GLENN THOMAS, a/k/a "Gucci," the defendant:

a. was 18 years of age or older at the time of the offense;

b. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

SPECIAL FINDINGS AS TO KEVIN BURDEN

13. As to Count Four of the Indictment, alleging the murder of Jeffrey Henry, KEVIN BURDEN, a/k/a "Kev Gotti," the defendant:

a. was 18 years of age or older at the time of the offense;

b. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney