E1F5chrA                          arraignment

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                              12 Cr. 626 (ER)

5    RAYMOND CHRISTIAN, JAMES
     WILLIAMS, TYRELL WHITAKER and
6    GLENN THOMAS, ,

7              Defendants.

8    ------------------------------x

9
                                              January 15, 2014
10                                            10:04 a.m.

11
     Before:
12
                          HON. EDGARDO RAMOS,
13
                                              District Judge
14

15

16

17

18

19

20

21

22

23

24

25

E1F5chrA                          arraignment

1                                APPEARANCES

2   PREET BHARARA
           United States Attorney for the
3          Southern District of New York
    BY:  ANDREW BAUER
4        KAN NAWADAY
         Assistant United States Attorneys
5
    LAW OFFICES OF DON BUCHWALD
6          Attorneys for Defendant Thomas
    BY:  DON D. BUCHWALD
7
    DAVID S. GREENFIELD
8   ANTHONY STRAZZA
           Attorneys for Defendant Christian
9
    LAW OFFICE OF RICHARD JASPER
10         Attorneys for Defendant Williams
    BY:  RICHARD JASPER
11            -and
    LAW OFFICE OF SUSAN K. MARCUS
12  BY:  SUSAN K. MARCUS

13  LAW OFFICES OF YING STAFFORD
           Attorneys for Defendant Whitaker
14  BY:  YING STAFFORD

15

16

17

18

19

20

21

22

23

24

25

E1F5chrA                        arraignment

1              (Case called)

2              MR. BAUER:  Your Honor, good morning.  Andrew Bauer

3    and Kan Nawaday for the government.

4              THE COURT:  Good morning.

5              MR. GREENFIELD:  Good morning, your Honor.  David

6    Greenfield and Mr. Anthony Strazza for Mr. Raymond Christian.

7              THE COURT:  Good morning.  Welcome, Mr. Greenfield.

8              MR. GREENFIELD:  Thank you, sir.

9              MR. BUCHWALD:  Good morning, your Honor.  Don Buchwald

10   for Glenn Thomas who is in the first row closest to your Honor.

11             THE COURT:  Good morning.

12             MS. STAFFORD:  Good morning, your Honor.  Ying

13   Stafford on behalf of Tyrell Whitaker.  Mr. Goltzer is on trial

14   and Mr. Whitaker is in the first row there.

15             THE COURT:  Good morning.

16             MR. JASPER:  Good morning, Judge.  Richard Jasper and

17   Susan Marcus for James Williams.

18             THE COURT:  Good morning to you all and good morning

19   to you.

20             Mr. Bauer, why don't you start us off.

21             MR. BAUER:  Judge, the primary purpose for us being

22   here today is to arraign the defendants on the superseding

23   indictment which was returned the last -- I was going to say

24   the last week of December but it was in late December.

25             THE COURT:  And what are the substantive differences

E1F5chrA                          arraignment

1    between S2 and S3 now?

2              MR. BAUER:  The primary difference between S2 and S3,

3    the primary difference is really the prolonging of the drug

4    conspiracy count.  In the S2 it was just in December 2010 and

5    now it is prolonged over several years, and then we have also

6    added an additional 924(c) count that tracks the drug

7    conspiracy.

8              THE COURT:  Very well.

9              MR. BAUER:  And I will note that the S3 has two less

10   defendants because they have pled.

11             THE COURT:  Defense counsel, have you received a copy

12   of the superseding indictment?

13             MR. GREENFIELD:  Yes, your Honor.

14             MR. BUCHWALD:  Yes, your Honor.

15             THE COURT:  Do you wish a public reading of the

16   indictment?

17             MR. GREENFIELD:  No, your Honor.

18             MR. BUCHWALD:  No, your Honor.

19             MR. JASPER:  No, your Honor.

20             THE COURT:  Mr. Greenfield, how does your client plead

21   to the superseding indictment; guilty or not guilty?

22             MR. GREENFIELD:  Not guilty, your Honor.

23             THE COURT:  Ms. Stafford, as to Mr. Whitaker?

24             MS. STAFFORD:  Not guilty, your Honor.

25             THE COURT:  Mr. Jasper, Ms. Marcus, as to

E1F5chrA                         arraignment

1   Mr. Williams?

2            MR. JASPER:  Not guilty, your Honor.

3            THE COURT:  And Mr. Buchwald, as to Mr. Thomas.

4            MR. BUCHWALD:  Not guilty, your Honor.

5            THE COURT:  There are a couple other items we need to

6   discuss.

7            First of all, Ms. Stafford, what can you tell us

8   concerning the status of Mr. Whitaker's appeal?

9            MS. STAFFORD:  Your Honor, the government filed their

10  response or their brief yesterday, as I understand it.  We have

11  14 days to respond, which we will, and I assume that there is

12  no reason why we would not do it within the 14 days.  I,

13  however, have not spoken to Mr. Goltzer so I would just

14  reserve.  Potentially we may ask for an additional 5 or 10

15  days.  And the way I understand the Second Circuit appeals

16  schedule is, within two weeks they schedule oral argument which

17  we would ask for and then after that I'm not sure.

18           THE COURT:  What can you tell me about the status of

19  the case that Mr. Goltzer is currently on?

20           MS. STAFFORD:  He is on trial at the moment and I do

21  not know when it is going to end.  I think he has another

22  couple weeks.

23           THE COURT:  Okay.

24           MS. STAFFORD:  I can check on that and get back to

25  you, though.

E1F5chrA                        arraignment

1          THE COURT:  Yes, because I think that we are scheduled

2     for trial on April 21st, if I recall.

3          MR. BAUER:  That's correct, your Honor.

4          THE COURT:  And are the parties aware of any reason

5     why we would not be able to keep that date and that time?

6          MS. STAFFORD:  No.  We fully expect to go to trial on

7     the 21st unless there is something that has to do with the

8     appeal.

9          THE COURT:  Okay.

10         Mr. Greenfield?

11         MR. GREENFIELD:  I would like to bring to the Court's

12    attention the date was set prior to my stepping into the case.

13    I do have another case where there is a May 12th trial which

14    Mr. Bauer is also involved with -- he at one point was involved

15    in that case.  One of them just has to change a little bit as

16    to time because I can't start something on the 21st of April,

17    run up to May 10 and jump into another courtroom.

18         So, I just want to bring that to the Court's

19    attention.  If the Court is thinking of maybe moving the date I

20    would love it.

21         THE COURT:  The Court was not thinking of moving the

22    date.

23         MR. GREENFIELD:  Okay.

24         THE COURT:  Mr. Buchwald?

25         MR. BUCHWALD:  I also have a May 12th trial but Judge

E1F5chrA                          arraignment

1    Marrero indicated he would be flexible if we were somehow going

2    on and it would be moved back a few days.

3            THE COURT:  As I recall -- and Mr. Bauer can correct

4    me -- this case is anticipated to take a full two weeks.  Am I

5    misremembering that?

6            MR. BAUER:  Two, possibly into the third week as well,

7    your Honor.

8            THE COURT:  Okay.

9            MR. GREENFIELD:  That will run into the May 12 date.

10           THE COURT:  Understood.

11           And I take it you were made aware of the trial date,

12   Mr. Greenfield, at the time you were appointed?

13           MR. GREENFIELD:  Yes.  Somebody told me it was going

14   to trial and that was it but I only learned of the May 12 date

15   after and I was assigned on that one very recently also.

16           THE COURT:  Okay.  So this one was set first?

17           MR. GREENFIELD:  This was set first.

18           THE COURT:  Okay.  Very good.  That's worth something.

19           MR. GREENFIELD:  You can tell that to Judge Stein.

20           THE COURT:  Judge who?

21           MR. GREENFIELD:  Judge Stein.

22           THE COURT:  He is senior now.  Well, let's stick with

23   the April 21st date and see how it all plays out.

24           Mr. Jasper, did you wish to state anything in open

25   court concerning Mr. Williams and his absence today?

1          MR. JASPER:  Judge, I thought we might hold a

2    conference after this one involving Mr. Williams.

3          THE COURT:  Very well.

4          Mr. Bauer, I take it there is no additional discovery

5    that needs to be produced in connection with the superseding

6    indictment?

7          MR. BAUER:  That's correct, Judge.  As I stated

8    earlier, much of the evidence that supports the new charges as

9    cooperating witness testimony, there is also -- and then there

10   are also prior arrests which those materials have already been

11   produced.

12         THE COURT:  Okay.

13         Mr. Buchwald -- by the way, who is ringing?  (phone

14   ringing)  I am.

15         MR. BUCHWALD:  With that reminder, though, I will turn

16   mine off.

17         (Defendant and counsel conferring)

18         MR. BUCHWALD:  Your Honor, we had requested informally

19   on December 24th additional particulars concerning the new gun

20   count.  This gun count relates to the extended drug conspiracy,

21   I guess possession and use of a gun in connection with the drug

22   conspiracy, as I recall.  And so, we have asked for particulars

23   concerning the dates of the alleged gun possession.  It was

24   obviously a gun possession in connection with the homicide that

25   was previously charged and Mr. Bauer has declined to give us

E1F5chrA                          arraignment

1    the specific dates saying that it will be in the 3500 material.

2    We think that's inadequate as a matter of due process and it

3    may also, to the extent that the gun evidence which they plan

4    to introduce at trial was not presented to the grand jury it

5    would also be a violation of the grand jury clause of the Fifth

6    Amendment.  So, we believe both as a matter of due process and

7    potentially as a matter of compliance with the grand jury

8    clause that we are entitled to greater specificity concerning

9    the particular weapon or weapons at issue.

10            THE COURT:  What is the grand jury issue that you are

11   raising?

12            MR. BUCHWALD:  They simply charge there was a gun

13   between 2008 and the day of the indictment which is 2011.  Let

14   us suppose, for example, that they presented to the grand jury

15   some gun that the defendant possessed on January 10th of 2009

16   and subsequently they learned from cooperators that there are

17   three other guns at three different times and that their proof

18   at trial has to do with those three other charges and not with

19   the January 10th, 2009 gun.  Well, that would mean, in essence,

20   that the defendant is being tried on a felony that the grand

21   jury didn't vote.

22            THE COURT:  And I guess my question is what leads to

23   the assumption that the grand jury wasn't presented with that

24   evidence?

25            MR. BUCHWALD:  The answer is we don't know.

1          THE COURT:  Okay.

2          MR. BUCHWALD:  But the only way to know is to know

3   what are the guns that are charged.

4          THE COURT:  Okay.

5          MR. BUCHWALD:  Unless we are told what the charges are

6   then there is no way of assessing, ever, whether that was the

7   same charge that was presented to the grand jury.

8          So, to just say he had a gun somewhere during those

9   four years, it really doesn't comply with the notice

10  requirements of due process and potentially creates a problem

11  under the grand jury clause.  But certainly as a matter of due

12  process that's not sufficient.  It is one thing to say that

13  there is a drug conspiracy that exists over four years.  We all

14  understand what that is but the 924 count is a substantive

15  count, it is he possessed a gun or used a gun in connection

16  with the drug conspiracy that was charged.

17          THE COURT:  Okay.

18          MR. BUCHWALD:  So we are entitled to know when that

19  was.  They may not have a specific -- they might have an event,

20  they might have something that we can pin it to but right now

21  all we know is, well, somewhere during those four years they

22  contend that there was a gun and it is really impossible to

23  defend that.  For them to say, well, you will learn about it in

24  the government's opening statement or you will learn about it

25  in the 3500 material is really not adequate.  Even the Speedy

E1F5chrA                    arraignment

1    Trial Act requires for a new charge that we have at least 30

2    days from the date of an indictment to go to trial.  What

3    they're proposing is, well, we will get it in the 3500 material

4    and I don't think that's adequate.

5              THE COURT:  Mr. Bauer?

6              MR. BAUER:  Your Honor, on the grand jury point, as

7    you know, the proceedings before the grand jury are secretive.

8    We are not here to defend or otherwise explain what happened

9    before the grand jury but the grand jury did find probable

10   cause that the defendants possessed firearms between 2008 and

11   2012.

12             I think Mr. Buchwald's oral application or argument we

13   will say here, is akin to the bill of particulars argument that

14   he and the other defendants brought before you already.  I know

15   it is a new charge but the reasoning that -- well, the

16   government's argument as to why he wasn't entitled to it and

17   the reasoning that I believe your Honor had stated when you

18   denied that motion apply here as well.  We have it in the form

19   of discovery and also in the form of informal conversations

20   with counsel and also the motion papers that have already been

21   provided.  We provided ample or more than sufficient

22   information with regards to the defendant as it relates to both

23   their sales of drugs and their possession of firearms.  He is

24   asking for specifics of who or what specific gun on a specific

25   date with whom because that is what his letter had said also

1    and that's not the type of information that he is entitled to

2    at this stage.

3           THE COURT:  Remind me.  Has this issue already been

4    briefed and decided?  Is there something about the superseding

5    indictment that's different?

6           MR. BAUER:  It is different in that there is a new

7    charge.  This charge is, as Mr. Buchwald is saying, is an

8    almost five-year period in which we alleged that the defendants

9    possessed firearms.  Prior, when they requested a bill of

10   particulars, that charge related to December 2010.

11          THE COURT:  Okay.

12          MR. BAUER:  So it is different but I think the logic

13   applied is the same.

14          THE COURT:  Because the conspiracy is more expansive

15   now?

16          MR. BAUER:  Exactly.

17          THE COURT:  The time period.

18          MR. BAUER:  Exactly.

19          MR. BUCHWALD:  If I might, your Honor?

20          In the others there wasn't a gun charge before, now

21   there is the gun charge.  Even with respect to the drug

22   conspiracy, your Honor, we had, in connection with the original

23   indictment, asked for a bill of particulars, the names of the

24   known co-conspirators.  The government responded and your Honor

25   ruled that in view of the discovery -- and we are then dealing

E1F5chrA                          arraignment

1   with the December 2010 event, the homicide -- we had the

2   extensive discovery concerning the government's theory of what

3   happened on the night of the homicide and the various people

4   involved and in view of the discovery there was, your Honor

5   declined to require the government to disclose the names of any

6   other known co-conspirators.

7         Now, at that point there was a finite group of people.

8   There were the six named defendants, there were one or two

9   names that they had given us in their memo of who was involved

10  on the night of the homicide.  All of a sudden we now have a

11  four-year conspiracy.  There is no other discovery that they

12  have given us, certainly have given me.  Maybe the

13  co-defendants have had some other discovery concerning other

14  drug dealings or police reports or lab reports.

15        MR. GREENFIELD:  Nothing.

16        MR. BUCHWALD:  Anything to do with any other event

17  other than December.  So, we haven't gotten anything.  Maybe

18  they have lab reports but I gather not.

19        So, I did ask, therefore, in view of the elongated

20  time before your time, that they now provide us with the name

21  of other known co-conspirators.  I believe it is in a different

22  posture than it was back then because we are not dealing with

23  simply the homicide period as to which there had been extensive

24  discovery, we are now dealing with four years.  And if there

25  are other known co-conspirators in this drug conspiracy that

1    they allege, it seems to me we should be told who they are

2    under whatever protective order is necessary.  If somebody

3    doesn't want to have those names in the public record I

4    understand that.  At least counsel need to know what potential

5    out-of-court declarations are going to be offered as of that

6    time.

7              THE COURT:  And I take it that the parties have tried

8    informally to get this information from the government?

9              MR. BUCHWALD:  Yes.  We submitted a letter on December

10   24th asking for the gun particulars and for the names of known

11   co-conspirators with respect to the elongated drug conspiracy

12   and Mr. Bauer has responded, as he has today, that he declines

13   do it and that it will be available in the 3500 material.

14             THE COURT:  Okay.

15             MR. BAUER:  Judge, if I may suggest, I think that if

16   Mr. Buchwald wants to make this application formally to the

17   Court that he brief it in some form.  But, what I will say is

18   that Mr. Nawaday and I will be available, we will make

19   ourselves available as we have in similar cases where there is

20   charges like this to have, as you said informally, what our

21   practice is is to maybe just have a conversation over the phone

22   and provide some broad strokes with defense counsel which may

23   alleviate some of this.  I have a feeling it may not but we are

24   willing to try.  I'm not sure that we are going to be naming

25   every co-conspirator and every date that the defendants

E1F5chrA                         arraignment

1    possessed firearms but broad strokes of what the cooperators

2    might say is something that we are willing to do.

3             THE COURT:  Obviously I'm not going to get involved in

4    those discussions but if defense counsel want to take Mr. Bauer

5    up on that invitation I would encourage you to do so.  And if

6    you walk away from those conversations unsatisfied then given

7    that there is a different factual posture that we are in now I

8    would certainly entertain a motion on those two issues and

9    because there appear to be fairly limited you could make that

10   motion by way of a letter directed to the Court and I will

11   consider it.  Okay?

12            MR. BUCHWALD:  Thank you.

13            THE COURT:  Is there anything else that we need to do

14   today, generally, with respect to the case?

15            MR. BAUER:  Your Honor, no.  I will note that when we

16   were last together you excluded time under the Speedy Trial Act

17   between November 4th and April 21st so I don't think we need to

18   do that here.

19            THE COURT:  Very well.

20            Mr. Greenfield, did your client want to --

21            (Defendant and counsel conferring)

22            MR. BUCHWALD:  Your Honor, in connection -- in

23   connection with the original trial date your Honor had set

24   certain parameters, as I recall, the 3500 and 404(b), I'm not

25   quite sure if I remember what they were, 30 days, but perhaps

E1F5chrA                    arraignment

```
 1   Mr. Bauer could remind us what the agreements or understandings
 2   were so that we can all have those firmly in our mind because a
 3   number of us I know have other trials before the April 23rd
 4   trial so we are --
 5               THE COURT:  April 21st trial.
 6               MR. BUCHWALD:  -- April 21st trial; so that we can
 7   budget our time.
 8               THE COURT:  I don't remember offhand what those
 9   agreements were.
10               MR. BAUER:  Judge, what I have written down was
11   pursuant to their motion for 404(b) notice that we agreed that
12   the government would provide that one month in advance of trial
13   as well and then expert notice also one month in advance of
14   trial.  I don't have in my notes, although it does sound
15   somewhat familiar I don't have a date here for 3500.  I would
16   be happy to agree upon one now.
17               THE COURT:  Okay.
18               (counsel conferring)
19               MR. BAUER:  Judge, I guess the government would be
20   comfortable providing 3500 material for its witnesses 10 days
21   before trial.
22               THE COURT:  Okay.  So two weeks or 10 days.
23               MR. GREENFIELD:  I didn't hear that.
24               MR. BAUER:  10 days, I guess, is the Friday before the
25   Monday.
```

E1F5chrA                        arraignment

1          THE COURT:  Very well.

2          MR. GREENFIELD:  Can we have a little sooner, a little

3    earlier than the date?  It is hard to put it to good use for

4    preparation purposes when you are just given a whole bunch of

5    3500 material.  I would ask for at least three weeks before

6    trial.

7          MR. BUCHWALD:  Your Honor, as I understand it and

8    Mr. Bauer can correct me, but I think that his office is going

9    to take the position that normally it is taking in these kinds

10   of cases that we cannot give the 3500 material to our clients

11   in the jail, that we have to just be with them or have another

12   attorney with them to show it to them but we can't leave it

13   with them.

14          I assume you are going to take that position?

15          MR. BAUER:  That's correct.

16          MR. BUCHWALD:  Again, in which case there is a need

17   for somewhat more time to be able to bring it to them and spend

18   the time so that they can go over it with us physically there.

19   So, we would ask under the circumstances, I would join

20   Mr. Greenfield in a request for three weeks.

21          THE COURT:  I take it you join in that application,

22   Mr. Jasper?

23          MR. JASPER:  I do, your Honor, because it is a

24   practice of that both U.S. attorneys have started recently that

25   you can't leave this 3500 material with them.  And it does

1    impose a burden because you're trying to prepare and get ready

2    for trial, the defendants can offer, very often, a unique

3    perspective with respect to the 3500 since very often these are

4    people that they know.  So, if you have to go over to the MCC

5    in this case and sit there and can't leave and be doing other

6    things it does create a burden.

7              THE COURT:  When did this practice begin, actually?

8              MR. BAUER:  I don't have a firm date, your Honor, but

9    I think it is for the last couple of years.

10             MR. BUCHWALD:  It is at least a year.

11             MR. BAUER:  Judge, I was also talking to Mr. Nawaday

12   and we are sensitive to what defense counsel is saying.  What

13   we will do is we will move it up another week and we will have

14   it ready for Friday, April 4th.

15             THE COURT:  Okay.

16             MR. BAUER:  What I will also say is that we will talk

17   to our colleagues.  At least one colleague figured out a way to

18   have a protective order on providing the actual materials in

19   jail to the prisoners in a way that only they can see it on an

20   electronic device while in the law library and they couldn't

21   distribute it.  Obviously the reason for this policy is that we

22   have had a number of incidents where 3500 material was

23   distributed throughout the jails and cooperating witnesses

24   were -- that their safety was compromised.  So, we are not

25   opposed to being creative about letting the defendants see it

1    in jail so long as it can't be distributed.  It relies on the

2    efforts of the jail, too, so I'm not going to promise that that

3    can be done here but we are not opposed to it.

4            THE COURT:  Look.  It sounds like there are a lot of

5    competing interests at play here.  I was unaware of this

6    particular policy.  I understand it but I also understand the

7    need of these defendants to be able to properly prepare for

8    trial.  It sounds like the parties are -- it sounds like the

9    government is willing to engage in some further discussion.  I

10   think the offer that they've made to provide the 3500 material

11   by April 4th seems reasonable, almost what you asked for.

12           MR. BUCHWALD:  Could I ask for the 3rd so that we are

13   getting it on a Thursday and can at least potentially notify

14   the clients on the Friday of who the witnesses are?

15           THE COURT:  Can you push it up a day, Mr. Bauer?

16           MR. GREENFIELD:  Have a conference with the office.

17           MR. BAUER:  I hate to encourage Mr. Buchwald but,

18   sure, April 3rd is fine.

19           THE COURT:  Okay.

20           MR. BUCHWALD:  Thank you.

21           MR. BAUER:  But, Judge, just to be clear on the issue

22   of the 3500, it is our policy -- our policy involves us

23   requesting the Court to sign a protective order so it is

24   presumptuous of us, both parties to assume that are you going

25   to sign it but most of your colleagues on the bench do.

E1F5chrA                        arraignment

1              THE COURT:  Very well.

2              Mr. Jasper?

3              MR. JASPER:  Judge, I just had a brief question which

4    you might put to the government's counsel.

5              With respect to 404(b) notice, in light of the fact

6    that a drug conspiracy has been expanded by about four years or

7    so, does that notice involve what the government perceives to

8    be strictly 404(b) notice as opposed to uncharged conduct?  In

9    other words, sometimes the government might say that a

10   particular act is actually substantive evidence of the

11   conspiracy and they may or may not feel as though that

12   obligates them to give notice but if you get a surprise of

13   something that is argued that is not 404(b) but is actually

14   substantive evidence in furtherance of this enlarged

15   conspiracy, I would just ask does that notice include uncharged

16   conduct apart from 404(b)?

17             THE COURT:  I have no idea what the answer to your

18   question is.

19             Do you, Mr. Bauer?

20             MR. BAUER:  I'm not entirely sure of what the question

21   is getting at, your Honor.  What I will say is that we have a

22   five-year period where these defendants have been alleged to

23   sell drugs and to possess firearms in furtherance of that.  To

24   the extent the evidence is direct evidence of selling these

25   drugs during those five years or possessing guns in furtherance

E1F5chrA                        arraignment

1   of those selling drugs then, yes, we have that as direct

2   evidence.  I think while typically my practice in 404(b) is to

3   write a paragraph of what I said to you now, I wouldn't provide

4   the specifics of it but if, let's say, they were selling drugs

5   prior to or different drugs or with different co-conspirators.

6   That is the nature of what I envision the 404(b) notice in this

7   case to be.

8               I hope that answers the question.

9               MR. GREENFIELD:  One last thing of a question that was

10  asked of me by my client and I think the answer is no but I

11  want to be clear and the government be clear on it also:  There

12  is no Rule 16 material being provided to us with respect to the

13  guns, narcotics and anything else that is part of the expanding

14  conspiracy so I assume that --

15              THE COURT:  You mean no additional Rule 16 material.

16              MR. GREENFIELD:  There is not going to be any evidence

17  of specific guns or drugs during the course of the trial in

18  this expanded conspiracy; is that correct?

19              THE COURT:  Again, the representation that the

20  government has made is that there is no additional Rule 16

21  material but I will let Mr. Bauer respond.

22              MR. BAUER:  I appreciate you saying the world

23  "additional" because there was Rule 16 discovery produced even

24  prior to this, to these new charges related to prior arrests

25  and other interactions with New York PD.

E1F5chrA                          arraignment

1              THE COURT:  Very well.

2              MS. STAFFORD:  Your Honor, can we order the minutes

3    for today?

4              THE COURT:  Sure.

5              MS. STAFFORD:  For all defendants, please?

6              THE COURT:  Sure.  Absolutely.

7              Anything further?

8              MR. BAUER:  Not from the government, your Honor.

9              MR. GREENFIELD:  No, your Honor.

10             THE COURT:  Very well.  I would ask the marshals to

11   take these gentlemen.

12                              o0o

13

14

15

16

17

18

19

20

21

22

23

24

25