UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA           :     S3 12 Cr. 626 (ER)
:
    - v. -                              :
:
RAYMOND CHRISTIAN,                 :
  a/k/a "Reckless,"                :
TYRELL WHITAKER,                   :
  a/k/a "Bow Wow," and             :
GLENN THOMAS,                      :
  a/k/a "Gucci,"                   :
:
        Defendants.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# GOVERNMENT'S PROPOSED EXAMINATION
# OF PROSPECTIVE JURORS

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the United States
of America

Kan M. Nawaday
Andrew Bauer
Assistant United States Attorney
    -- Of Counsel –

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA      :  S3 12 Cr. 626 (ER)
 :               :
   - v. -             :
                  :
RAYMOND CHRISTIAN,        :
 a/k/a "Reckless,"         :
TYRELL WHITAKER,         :
 a/k/a "Bow Wow," and       :
GLENN THOMAS,          :
 a/k/a "Gucci,"           :
                  :
   Defendants.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## GOVERNMENT'S PROPOSED EXAMINATION
## OF PROSPECTIVE JURORS

   The Government respectfully requests that the Court include the following questions in its examination of prospective jurors pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure. The Court is requested to pursue more detailed questioning at sidebar or in the robing room if a particular juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the juror in favor of or against either the Government or the defendants.

### The Charges

   1. This is a criminal case. The defendants are Raymond Christian, a/k/a "Reckless," Tyrell Whitaker, a/k/a "Bow Wow," and Glenn Thomas, a/k/a "Gucci." The defendants have been charged in an Indictment with violating certain federal laws. The Indictment was filed by a grand jury sitting in this district.

1

2. The Indictment is not evidence itself. It simply contains the charges that the Government is required to prove to the satisfaction of the jury beyond a reasonable doubt. I would like to summarize the charges in this case in order to determine whether there is anything about the nature of this case which may make it difficult or inappropriate for any of you to serve on the jury.

3. The Indictment consists of six counts. Count One charges that in or about December 2010, Raymond Christian and Glenn Thomas, together with others, combined, conspired or agreed to commit a robbery of persons they believed to be in possession of narcotics and narcotics proceeds in Newburgh, New York.

4. Count Two charges that on or about December 15, 2010, Raymond Christian, Tyrell Whitaker, and Glenn Thomas, together with others, unlawfully and knowingly committed and attempted to commit robbery of individuals they believed to be in possession of narcotics and narcotics proceeds, in the vicinity of 54 Chambers Street, Newburgh, New York.

5. Count Three charges that from in or about 2008 through in or about September 2012, Raymond Christian and Glenn Thomas, together with others, intentionally and knowingly combined, conspired, confederated, and agreed, to violate the federal narcotics laws, specifically, to distribute, and to possess with intent to distribute controlled substances containing a detectable amount of cocaine base, in a form commonly known as "crack," heroin, and a quantity of marijuana.

6. Count Four charges that on or about December 15, 2010, Raymond Christian, Tyrell Whitaker, and Glenn Thomas, and others used and possessed firearms, and did aid and abet the use, carrying, and possession of firearms, and in the course thereof did cause the death of a person, Jeffrey Henry, through the use of a firearm, which killing is murder.

7.      Count Five charges that on or about December 15, 2010, Raymond Christian, Tyrell Whitaker, and Glenn Thomas, and others used, carried, possessed, and discharged firearms, and aided and abetted the use, carrying, possession and discharge of firearms during and in relation to the crimes of violence, namely, the robbery conspiracy and robbery charged in Counts One and Two.

8.      Count Six charges that in or about 2008 through in or about September 2012, Raymond Christian, Tyrell Whitaker, and Glenn Thomas, and others, used, carried, and possessed firearms, and aided and abetted the use, carrying and possession of firearms during and in relation to the drug conspiracy charged in Count Three.

## Knowledge Of Events

9.      Does any juror have any personal knowledge of the charges as I have described them?  Have you read or heard anything about this case?  If so, is there anything that you have read or heard that would cause you to feel that you cannot decide the facts of this case fairly and impartially?

## Nature of Charges

10.     Does any juror feel that he or she could not view fairly and impartially a case involving such charges?  Has any juror formed an opinion that the actions charged in the Indictment, as I have described them to you, should not be crimes?

11.     Do any of you have any opinion about the enforcement of the federal drug laws, or the laws concerning crack cocaine that might prevent you from being fair and impartial in this case?  Do any of you believe that the unlawful distribution of crack cocaine should not be illegal, or that the laws governing these crimes should not be enforced?

12.     Has any juror been involved in an offense involving drugs?  Has any juror's relative, close friend, or associate been involved in an offense involving drugs?  Has any juror, or any member of a juror's family, or any juror's close friend, had any experiences of any kind, directly or indirectly, with narcotics or other controlled substances?

13.     Does any juror own a gun?  Has any juror received training in the use of firearms?  Does any juror believe that the laws governing firearms possession should not be enforced?

14.     Have any of you ever lobbied, petitioned, or worked in any other manner for or against any laws or regulations relating to the narcotics and firearm policies of the United States?  If so, when and what did you do?  Have any of you ever supported or belonged to any organizations involved in such work?

15.     In this case you will hear evidence of a robbery of suspected narcotics traffickers, where narcotics or the proceeds from the sale of narcotics were the objects of the robbery.  Do any of you believe that committing a robbery including a robbery of suspected drug dealers, should not be illegal, or that the law governing such crimes should not be enforced?

16.     There may be testimony in this case relating to defendants' alleged membership or association with criminal gangs, including a gang called the Bloods.  Has any juror been involved in the Bloods or any gang?  Has any juror's relative, close friend or associate been involved in a gang?  Has any juror, or any member of the juror's family or any juror's close friend, had any experience of any kind, directly or indirectly, with a gang?

## Knowledge of the Trial Participants

17.     Does any juror know, or has he or she had any dealings, directly or indirectly, with any of the defendants or with any relative, friend, or associate of the defendants?

18. Does any juror have any relatives, friends, associates, employers, or employees who know or who have any dealings with the defendants, or with any relative, friend, or associate of the defendants?

19. The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, who is PREET BHARARA. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Andrew Bauer and Kan M. Nawaday.

[*Please ask the Assistants to stand.*]

Do any of you know Mr. Bharara, Mr. Bauer or Mr. Nawaday? Have you or your family members or close friends had any dealings either directly or indirectly with them? Mr. Bauer and Mr. Nawaday will also be assisted in this case by Special Agent Andrei Petrov of the Federal Bureau of Investigation, and Ms. Lia McInerney a paralegal specialist in the U.S. Attorney's office.

[*Please ask Agent Petrov and Ms. McInerney to stand.*]

Have you or your family members or close friends had any dealings either directly or indirectly with Agent Petrov or Ms. McInerney? Have you or your family members or close friends had any dealings either directly or indirectly with the United States Attorney's Office? The FBI?

20. Raymond Christian is represented by attorneys Anthony Strazza and David Greenfield. Tyrell Whitaker is represented by attorneys George Goltzer and Ying Stafford. Glenn Thomas is represented by attorneys Donald Buchwald and Joshua Dratel. Do any of you know any of these attorneys? Has any juror had any dealings, either directly or indirectly, with any of them?

21.   I will now read you a list of names of individuals who may be mentioned during the trial or who may be witnesses in this case as well as locations that may be mentioned.

*[Names and Places to be provided on separate list.]*

Do any of you know any of these people? Has any juror had any dealings, either directly or indirectly, with any of these individuals or locations?

### Relationship With Government

22.   Does any juror know, or have any association -- professional, business, or social, direct or indirect -- with any member of the staff of the United States Attorney's Office for the Southern District of New York, the FBI, or the City of Newburgh Police Department? Is any member of any juror's family employed by any law enforcement agency, whether federal, state or local?

23.   Has any juror -- either through any experience he or she has had or anything he or she has seen or read -- developed any bias or prejudice for or against the United States Attorney's Office, any police or sheriff's department, the FBI, or the City of Newburgh Police Department?

24.   Has any juror, or has any member of any juror's family, either as an individual or in the course of his or her business, ever been a party to any legal action or dispute with the United States or any of the officers, departments, agencies, or employees of the United States, or had any interest in any such legal action or dispute or its outcome?

### Prior Jury Service

25.   Has any juror ever at any time served as a member of a grand jury, whether in federal, state, county, or city court? If so, when and where?

26. Has any juror ever served as a juror in a trial in any court? If so, in what court did he or she serve and was it a civil or criminal case? What type of case was it?

27. Did the jury reach a verdict?

### Experience as a Witness, Defendant, or Crime Victim

28. Has any juror or any relative or close friend ever been involved or appeared as a witness in any investigation by a federal or state grand jury or by a congressional or state legislative committee, licensing authority, or governmental agency, or been questioned in any matter by a federal, state, or local law enforcement agency?

29. Has any juror or any relative or close friend ever been a witness or a complainant in any hearing or trial, whether state, local, or federal?

30. Is any juror, or is any member of his or her family, or a close friend, now under subpoena or, to the best of the juror's knowledge, about to be subpoenaed in any criminal case?

31. Has any juror, or has any member of any juror's family, or any associate or close friend, ever been charged with a crime?

32. Has any juror, or has any relative, associate, or close friend ever been the subject of any investigation or accusation by any federal or state grand jury?

33. Has any juror or any friend, associate, or relative ever been a victim of a crime? *[As to any juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of the crime.]*

### Views On Witnesses and Investigative Techniques

34. The witnesses in this case will include federal agents and local law enforcement personnel. Would any juror be more likely or less likely to believe a witness merely because he or she is a law enforcement officer?

35. You may hear testimony in this case concerning the use of informants by the Government in its efforts to enforce narcotics and firearms laws. I want to advise you that the use of informants in the context of this case is perfectly legal and is often a necessary law enforcement tool. Do any of you have feelings about the Government's use of informants, or the use of the evidence obtained from informants, that would make it difficult for you to render a wholly fair and impartial verdict? Would you have a bias for or against the Government because the Government used informants, or evidence obtained from informants?

36. You may hear testimony in this case concerning the searches of vehicles, apartments, and houses by the FBI or the City of Newburgh Police Department, in its efforts to enforce narcotics and firearms laws. I want to advise you that the search of these places in the context of this case was perfectly legal and such searches are often necessary law enforcement tools. Do any of you have feelings about Government searches, or the use of evidence obtained from such searches, that would make it difficult for you to render a wholly fair and impartial verdict? Would you have a bias for or against the Government because the Government conducted such a search, or used evidence obtained from such a search?

37. You will also hear testimony in this case that law enforcement officers recorded conversations without the knowledge of the individual participants in the conversations. I instruct you that the recording of those conversations was perfectly legal. Do any of you have any feelings about such recordings by law enforcement that would make it difficult for you to render a fair and impartial verdict?

38. You may hear testimony in this case from accomplice witnesses, that is, witnesses who at one time were involved in illegal activity, but are now testifying on behalf of the Government. I instruct you that the use of accomplice witnesses is perfectly legal and is often a

necessary law enforcement tool.  Do any of you have any experience with or feelings about the use of accomplice witnesses generally, or the use of evidence or information obtained from accomplice witnesses, that would make it difficult for you to render a fair and impartial verdict if you heard testimony from an accomplice witness?

39. Does anyone have any expectations about the types of evidence that the Government might present in criminal trials?  Would any of you be unable to follow the Court's instructions that the Government is not required to use any particular technologies when investigating and presenting evidence of a crime?

### Persons Not On Trial

40. The defendants are charged with acting with others, including persons not on trial here.  The jury may not draw any inference, favorable or unfavorable, towards the Government or the defendants on trial from that fact.  The jury also may not speculate as to the reason why other persons are not on trial.  Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

### Other Questions

41. Does any juror have any problems with his or her hearing or vision which would prevent him or her from giving full attention to all of the evidence at this trial?  Is any juror taking any medication which would prevent him or her from giving full attention to all the evidence at this trial?

42. Does any juror have any difficulty in reading or understanding English in any degree?

43.     I expect this trial to take approximately two to three weeks.  Do any of you have any physical or personal problems that would prevent you from serving in this case for the number of days I have indicated?

44.     I don't know if the case will generate any publicity, but if it does, will each of you accept the proposition that you should absolutely avoid reading about this case in the newspapers or on the Internet or listening to any radio or television reports concerning the case until after it is over?  If not, please raise your hand.

### Function of the Court and Jury

45.     The function of the jury is to decide questions of fact.  You are the sole judges of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact finders.  However, when it comes to the law you must take your instructions from the Court and you are bound by those instructions.  You may not substitute your notions of what the law is or what you think it should be.  At the conclusion of the case, your job will be to determine whether or not the defendant is guilty as charged in the Indictment.

46.     A defendant in a criminal case has the right not to testify.  If the defendant here does not testify, the jury may not draw any inference against that defendant based on his decision.  The fact that a defendant chooses not to testify may not enter into the jury's deliberation at all.  If you have any difficulty accepting this legal principle, please raise your hand.

47.     Under the law, a defendant is presumed to be innocent and cannot be found guilty of the crime charged in the indictment unless a jury, after having heard all of the evidence in the case, unanimously decides that the evidence proves that defendant's guilt beyond a reasonable

doubt. Would any of you have difficulty accepting and applying this rule of law? If so, please raise your hand.

48. In a criminal case the burden of proof remains with the prosecution. For the jury to return a verdict of guilty against the defendant, the prosecution must prove beyond a reasonable doubt that the defendant is guilty. A person charged with a crime has absolutely no burden to prove that he or she is not guilty. Would any of you have difficulty accepting and applying this rule of law? If so, please raise your hand.

49. You are required by law to make your decision based solely on the evidence or lack of evidence presented in court, and not on the basis of conjecture, suspicion, sympathy, or prejudice. Would any of you have difficulty accepting and applying this rule of law? If so, please raise your hand.

50. Do any of you have any legal training, or have any relative or close friend who is an attorney? If so, would this for any reason prevent you from applying the law in this case as stated by the Court? Will each of you accept my instruction that you are not to discuss the case with anyone, including attorneys you may know, until you are excused as jurors?

51. Will each juror accept the proposition that the question of punishment is for the Court alone to decide and that the possible punishment must not enter into the deliberation of the jurors as to whether each defendant on trial here is guilty?

52. It is not a particularly pleasant duty to find another individual guilty of committing a crime. Is there any juror who feels that even if the evidence established the defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

53. Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is: where do you find the truth? The only victory in any case is where the truth has triumphed. If it has, then justice has been done. If not, justice will not have been done. You are to determine the guilt or innocence of the defendant solely on the basis of the evidence and subject to the law as I have charged you. Will you accept my instruction that you are not to be swayed by sympathy of any kind?

54. Does any juror have any religious, philosophical, or other belief which would make him or her unable to render a guilty verdict for reasons unrelated to the law and the evidence?

### Other Biases

55. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior questions, does any juror have the slightest doubt in his or her mind, for any reasons whatsoever, that he or she would be able to serve conscientiously, fairly, and impartially in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it will be explained?

### Juror's Background

56. The Government respectfully requests that the Court ask each juror to state the following information:

    (a) the juror's occupation;

    (b) the name of the juror's employer;

    (c) the period of employment with that employer;

    (d)  the nature of the juror's work;

    (e)  the same information concerning other employment within the last five years;

    (f)  the same information with respect to the juror's spouse and any working children;

    (g)  the area in which the juror currently resides and any other area in which the juror has resided during the last five years;

    (h)  whether the juror owns his or her own home, and, if owned, how long the juror has owned his or her home;

    (i)  the educational background of the juror, including the highest degree obtained;

    (j)  newspapers and magazines regularly read by the juror;

    (k)  television programs regularly watched by the juror;

    (l)  social media websites, such as Facebook, Twitter, or You Tube, used by the juror on a regular basis; and

    (m)  the names of any clubs or associations to which the juror belongs.

### **Requested Instructions Following Impaneling of the Jury**

57. From this point on until you retire to deliberate on your verdict, it is your duty not to discuss this case and not to remain in the presence of other persons who may be discussing this case. This rule about not discussing the case with others includes discussions even with members of your own family or friends.

58. I know that many of you use cell phones, Blackberries, the Internet and other tools of technology. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, through any

13

internet chat room, or by way of any other social networking websites, including Facebook, My Space, LinkedIn, and YouTube. See United States v. Ganias, 12-240 Cr, at 15 (2d Cir. June 17, 2014).

59. If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me.

60. In this regard, let me explain to you that the attorneys and the defendant in a case are not supposed to talk to jurors, even to offer a friendly greeting. So if you happen to see any of them outside this courtroom they will, and should, ignore you. Please do not take offense. They will only be acting properly by doing so.

61. If anything should happen involving any of you that is of an unusual nature, or which you think is something the Court should be told about, do not discuss it with any other juror. Simply give the clerk a note to the effect that you want to speak to me about it and I can then hear what it is and what you have to say. Of course, I do not expect anything unusual or improper to happen.

Dated: New York, New York
       July 7, 2014

                              Respectfully submitted,

                              PREET BHARARA
                              United States Attorney
                              Southern District of New York

                    By:    /s/ Kan M. Nawaday & Andrew Bauer
                              Kan M. Nawaday / Andrew Bauer
                              Assistant United States Attorneys
                              Tel: 212-637-2311 / 2354