

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*One Saint Andrew's Plaza*
*New York, New York 10007*

April 13, 2016

By Electronic Mail and ECF
The Honorable Edgardo Ramos
United States District Court Judge
 For the Southern District of New York
40 Foley Square
New York, New York 10007
Email: ChambersNYSDRamos@nysd.uscourts.gov

    Re:  United States v. Raymond Christian, et al., 12 Cr. 626 (ER)

Dear Judge Ramos:

  The Government writes to respectfully request that its time to file its opposition to defendant Christian's Supplemental Motion for Acquittal and New Trial, dated April 1, 2016 (the "Supplemental Motion"), in which all defendants have joined, be extended until <u>after</u> the Second Circuit issues its decisions in *United States* v. *Hill*, No. 14-3872 and *United States* v. *Barrett*, No. 14-2641.

  The defendants argue that the Court should dismiss the Title 18, United States Code, Section 924(c) & (j) counts of conviction because (i) Hobbs Act robbery is not a "crime of violence" under Section 924(c)(3)(A), the force clause of that section, and (ii) the Supreme Court struck down the residual clause of the Armed Career Criminal Act in *Johnson* v. *United States*, 135 S. Ct. 2551 (2015), and therefore, residual clauses in other statutes, such as Section 924(c)(3)(B), are similarly void.

  The Second Circuit has before it the same issues in *United States* v. *Hill*, No. 14-3872 (2d Cir.) and *United States* v. *Barrett*, No. 14-2641, both of which have been fully briefed and argued. In *Hill*, the defendant is challenging his conviction under Title 18, United States Code, Section 924(j), which incorporates the relevant language of Section 924(c). Hill argues, as the defendants do here, that Hobbs Act robbery is not a "crime of violence" under Section 924(c)'s force clause or residual clause. The same issue is before the Second Circuit in *United States* v. *Barrett*, 14-2641.

  Given the pendency of the *Hill* and *Barrett* decisions, the Government respectfully requests that its opposition to the Supplemental Motion be made due three weeks after the issuance of the those decisions and that the defendants' time to file a reply brief be made due two weeks after the filing of the Government's opposition.  I have communicated with counsel for the defendants who do not object to this request.

            Respectfully submitted,

            PREET BHARARA
            United States Attorney

          By: /s/ Kan M. Nawaday
            Kan M. Nawaday
            Assistant United States Attorney
            Southern District of New York
            (212) 637-2311

cc: Counsel for defendants (By ECF)