# KREINDLER & KREINDLER LLP

ATTORNEYS AT LAW

750 THIRD AVENUE
32nd FLOOR
New York, NY 10017
(212) 973-3406
Fax No. (212) 972-9432

**MEGAN WOLFE BENETT**

www.kreindler.com
mbenett@kreindler.com

May 31, 2018

<u>Via ECF</u>
The Honorable Edgardo Ramos
United States District Court
  for the Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *United States v. Christian*, *et al.* (Raymond Christian) 12 Cr. 626

Dear Judge Ramos:

      I am defense counsel for Raymond Christian and submit this supplemental letter in light of the Supreme Court's recent decision in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018).

      Mr. Christian and his co-defendants have moved to vacate the Counts Four and Five 18 U.S.C. § 924(j) and (c) because (a) the underlying Hobbs Act crimes are not categorically crimes of violence under 18 U.S.C. § 924(c)(3)(A) or (B); that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague; (c) that the Court's instruction to the jury to treat the Hobbs Act counts as crimes of violence, without any deliberation as to whether the attempted robbery and robbery conspiracy met the definition of a crime of violence, violated *Apprendi v. New Jersey*; and (d) that the aiding and abetting instruction for those counts was erroneous in light of *Rosemond v. United States*, 134 S.Ct. at 1251 – 52 (2014).

      Given the ambiguity in the record as to how the jury determined that the Hobbs Act attempted robbery and robbery conspiracy constituted "crimes of violence" – that is, whether the Count Four and Count Five convictions were premised on the force clause or the residual clause of 18 U.S.C.§ 924(c) – and the Supreme Court's determination that the language of the residual clause is unconstitutionally vague, as well as for the reasons the defendants previously presented, we respectfully ask that this Court vacate the convictions for Counts Four and Five.[1]

---

[1] Mr. Christian has two additional requests pending: one, to gain access to the DNA material that New York State tested, so as to allow an expert retained privately by his family may perform an independent analysis; and, two, for a hearing on the loss or destruction of the photograph that the Newburgh police took of him. The photograph would, we believe, show that shortly after the

*United States v. Raymond Christian*
12-cr-626 (S.D.N.Y.) (ER)
Defense Supplemental Letter
May 31, 2018
p. 2 of 6

1. *Sessions v. Dimaya*

In light of the Supreme Court's ruling in *Sessions v. Dimaya*, which held that language in 18 U.S.C. § 16(b) identical to that in 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague, there should be no doubt that the Count Four and Count Five convictions could not rest on the 18 U.S.C. § 924(c)(3)(B) residual clause and for the convictions to stand they must, therefore, satisfy the force clause of 18 U.S.C. § 924(c)(3)(A).

In *Dimaya*, the Supreme Court held that the definition of a crime of violence in 18 U.S.C. § 16(b) – an "offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" – produced "more unpredictability and arbitrariness than the Due Process Clause tolerates," holding that the Section 16(b) residual clause was thus unconstitutionally vague. 138 S.Ct. 1204, Slip Op. at 24. The same must be true for the identical language found at 18 U.S.C. § 924(c)(3)(B).

The question, then, in this case is whether either a Hobbs Act attempted robbery or a Hobbs Act robbery conspiracy – the two predicate crimes for the Section 924 offenses[2] – necessarily requires the use, attempted use or threatened use of physical force against the person or property of another, pursuant to 18 U.S.C. § 924(c)(3)(A). This issue is undecided in the Second Circuit, with a petition for rehearing in a case raising the same issue pending and subject to supplemental briefing in light of an amendment to the Court's August 3, 2016 summary order. *See United States v. Hill*, 14-3872, 2d Circuit, ECF Doc. No. 185, Filed 05/14/2018 (granting motion for extension of time to file an amended petition for rehearing or rehearing *en banc* to June 22, 2018).

As Mr. Christian has previously argued, for a predicate offense to qualify as a "crime of violence" under the force clause, the "categorical approach" requires that a court "look only to the statutory definitions – i.e., the elements – of a defendant's [offense] and not to the particular facts underlying [the offense]." *Descamps v. United States*, 133 S.Ct. 2276, 2283 (2013). Only if

---

robbery during which the government alleged Mr. Christian sustained a head injury causing him to bleed onto a ski mask – from which the DNA that is the topic of the first request was recovered – he showed no signs of injury. The government has still never produced a sworn statement from the Newburgh police or other custodians of the camera used to photograph Mr. Christian explaining what happened to the exculpatory photography.

[2] While the S3 indictment charges that the defendants "did commit and attempt to commit robbery," (ECF. No. 93, p. 3), the jury was instructed as to attempt (*see, e.g.*, Trial Tr. Pp. 218 – 2421) and there is no way to know, therefore, whether the conviction for Count Two was on the basis of a completed or an attempted Hobbs Act robbery. The defendants must be assumed to have been convicted on the least culpable crime for purposes of this motion, which is the attempted robbery.

all of the possible criminal conduct covered by the predicate offense including "the minimum criminal conduct necessary to sustain a conviction" under the statute – here, the minimum necessary to establish a Hobbs Act attempted robbery or a Hobbs Act robbery conspiracy – would the Hobbs Act offenses constitute a crimes violence. *Martinez v. Mukasey*, 551 F.3d 113, 118 (2d Cir. 2008). The language of the force clause at 18 U.S.C. §924(c)(3)(A) requires that the conspiracy or attempt crime involve the "use, attempted use or threatened use of physical force." That force (whether used, attempted to be used or threatened to be used) cannot be *de minimis* as the Supreme Court has held (in the context of the Armed Career Criminal Act) that "physical force" means "*violent* force" – that is "strong physical force," which is "capable of causing physical pain or injury to another person." *Johnson v. United States,* 559 U.S. 133, 140 (2010) (emphasis in original). Hobbs Act robbery, as defined by 18 U.S.C. § 1951, does not meet this requirement because, as this Court explained to the *Christian* jury prior to deliberations, the Hobbs Act attempted robbery and robbery conspiracy could have been accomplished by putting a person in fear of a "future" injury to his person or property, which does not necessarily require the use, attempted use, or threatened use of "violent force." Trial Transcript, 08/21/2014, p. 2408. For this reason, as well as those previously presented by Mr. Christian and his co-defendants, the Hobbs Act counts are not categorically crimes of violence under the force clause of 18 U.S.C. § 924(c)(3)(A) and those convictions must be vacated.

2. **Multiplicity**

A fourth infirmity in the Count Four and Count Five convictions is that Count Five is a lesser-included offense of Count Four, constituting multiplicitous charges in violation of the Double Jeopardy Clause of the Fifth Amendment. Count Five of the indictment alleges that the defendants possessed, used and carried firearms that were brandished and discharged during the robbery conspiracy and attempted robbery on December 15, 2010, in violation of 18 U.S.C. § 924(c). *See* ECF Doc. No. 93, p. 5. Count Five is a lesser-included offense of Count Four, which alleged that the defendants possessed, used and carried firearms that were brandished and discharged during the robbery conspiracy and attempted robbery on December 15, 2010, causing the death of Jeffrey Henry, in violation of 18 U.S.C. § 924(j). *See* ECF Doc. No. 93, p. 5.

The Fifth Amendment's command that no "person be subject for the same offense to be twice put in jeopardy," U.S. Const., amend. V, does more than simply preclude successive prosecutions for the same charge. It also "violates the Double Jeopardy Clause" for an indictment to "charg[e] a single offense as an offense multiple times, in separate counts, when, in law and fact, only one crime has been committed." *United States* v. *Chacko*, 169 F.3d 140, 145 (2d Cir. 1999). "When a defendant has violated two separate criminal statutes, the protection against double jeopardy is implicated … when one offense is a lesser included offense of the other." *Aparicio* v. *Artuz*, 269 F.3d 78, 96 (2d Cir. 2001); *see also United States v. Davenport*, 519 F.3d 940, 943 (9th Cir. 2008) (double jeopardy prohibition applies both when two "statutes prohibit the same offense or when one offense is a lesser included offense of the other").

*United States v. Raymond Christian*
12-cr-626 (S.D.N.Y.) (ER)
Defense Supplemental Letter
May 31, 2018
p. 4 of 6

    For over eighty years, it has been the law that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or one, is whether each provision requires proof of a fact which the other does not." *Blockburger* v. *United States,* 284 U.S. 299, 304 (1932). Where the elements of one offense are entirely subsumed within a second offense, the former charge is considered a lesser-included offense of the latter, and may not be charged separately without running afoul of the Double Jeopardy Clause. *See Schmuck v. United States*, 489 U.S. 705, 718 (1989); *Brown* v. *Ohio*, 432 U.S. 161, 168 (1977) ("The greater offense is therefore by definition the 'same' for purposes of double jeopardy as any lesser offense included in it.").

    This test is easily applied to the statutory subsections at issue in this case. Section 924(c)(1)(A) sets out a variety of escalating conditions – such as brandishing or discharging a firearm – lengthening the mandatory minimum sentence for the base crime of possession of a firearm in furtherance of a crime of violence or drug trafficking crime.  Section 924(j) adds an additional escalating condition: "death of a person through the use of a firearm," and it explicitly requires proof of "a violation of subsection (c)" as an element of the offense under subsection (j). In short, a violation of § 924(c) is itself an element of § 924(j). *See, e.g.*, *United States* v. *Smith*, 452 F.3d 323, 334–35 (4th Cir. 2006) ("[A] violation of § 924(c) is itself a conduct element of § 924(j)….") (internal citations omitted).  Accordingly, it must be considered a lesser-included offense of § 924(j).

    The text of the S3 Indictment confirms that the § 924(c) offense is entirely subsumed within the § 924(j) charge – the only linguistic difference between Counts Four and Five is the addition of the death of Jeffrey Henry as an element of the Count Four crime.  The two charges are otherwise identical. This is the very definition of a lesser-included offense. *Schmuck*, 489 U.S. at 709 ("one offense is necessarily included within another . . . when the elements of the lesser offense form a subset of the elements of the offense charged.")

    Faithful treatment of § 924(c) as a lesser-included offense of § 924(j) comports well with the overall statutory scheme.  Section 924(c) sets out a mandatory consecutive penalty framework for federal firearms offenses based on certain enhancements, such as brandishing or discharging the firearm. As the Supreme Court has recognized, the offenses within § 924(c) itself are lesser-included offenses of one another, and so "a § 924(c) offender is not subject to stacked sentences for violating § 924(c)." *Abbott v. United States*, 131 S. Ct. 18, 23, 178 L. Ed. 2d 348 (2010).  Instead, the statute "instructs judges to pick the single highest sentence stipulated for a § 924(c) violation . . . , and not to stack ten years for discharging a gun on top of seven for brandishing the same weapon, whenever a defendant does both." *Id.* at 30.  It is irrelevant to that analysis that § 924(j) spells out a particular additional enhancement of the base firearms possession offense in a later subsection, because § 924(j) expressly incorporates § 924(c) and requires a violation of § 924(c) as an element of the offense.

*United States v. Raymond Christian*
12-cr-626 (S.D.N.Y.) (ER)
Defense Supplemental Letter
May 31, 2018
p. 5 of 6

It is impossible to read § 924(j) independently from the context of the punitive scheme laid out in § 924(c). There is a clear natural progression of escalation in the statute's penalties, going from possession to brandishing to discharge to the homicidal results of such a discharge. It would be nonsensical to treat the statutory scheme as anything less than a unified whole, a whole that the Government has in this case impermissibly subdivided into multiple charges in violation of the Double Jeopardy Clause.

The Courts of Appeals to have considered the question have overwhelmingly agreed that § 924(c) is a lesser-included offense of § 924(j) and that to charge a defendant with both violates the Double Jeopardy Clause. The First and Ninth Circuits have unqualifiedly agreed with Mr. Medina's argument. The First Circuit explicitly described a multiplicitous indictment as charging a "violent federal felony that resulted in a death, 18 U.S.C. § 924(j)(1), [and] the lesser-included offense of using a firearm in connection with a violent federal felony, *see* 18 U.S.C. § 924(c)(1)(A)." *United States* v. *Jimenez-Torres*, 435 F.3d 3, 10 (1st Cir. 2006). The Ninth Circuit has agreed in a recent unpublished opinion that "the district court violated [the defendant]'s rights under the … Double Jeopardy Clause by sentencing him to concurrent sentences for both use of a firearm in furtherance of a crime of violence, under 18 U.S.C. § 924(c), and use of a firearm in furtherance of a crime of violence resulting in murder, under 18 U.S.C. § 924(j)(1)." *United States* v. *Ablett*, No. 12-10267, 2014 WL 1318342 (9th Cir. Apr. 3, 2014).

Accordingly, the conviction for Count Five, as a lesser-included offense to Count Four, must be dismissed.[3]

### 3. *Apprendi v. New Jersey*

Additionally, this Court instructed the jury that Counts One and Two "qualifie[d] under the law as crimes of violence" for purposes of the 18 U.S.C. §§ 924(c) and (j) charges. Trial Transcript, 08/21/2014, p. 2435.  In doing so, it deprived the jury of its core fact-finding function, removing from its consideration an element of Count Four and Count Five – whether the predicate acts were, indeed, crimes of violence, in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  As at least one other district court has noted, when a defendant goes to trial on a Section 924 charge, even with the change in the law concerning the definition of crimes of violence, error can be avoided by "a properly instructed jury" that "will make the necessary factual findings" on the Section 924 count and "the verdict form could include special interrogatories if necessary." *United States v. McCallister*, 2016 WL 3072237, at *4 (D.D.C. May 31, 2016).  Thus, "[a]ny concerns about whether the elements of section 924(c)(3) can be established will be alleviated through the use of proper jury instructions, and there will be no *Apprendi* issue." *Id.*  Here, of course, the jury instructions did not serve to protect against an *Apprendi* violation, as this Court told the jurors that they were to treat the Hobbs Act attempt and

---

[3] Alternatively, this Court could run any ultimate sentence for Count Five concurrent to a sentence for Count Four.

*United States v. Raymond Christian*
12-cr-626 (S.D.N.Y.) (ER)
Defense Supplemental Letter
May 31, 2018
p. 6 of 6

conspiracy as crimes of violence, thus depriving Mr. Christian and his co-defendants of their constitutional right to have the Section 924 offenses determined by a jury convinced beyond a reasonable doubt that the government had established each element – including that the Hobbs Act attempt and conspiracy were crimes of violence.

The question of whether the Hobbs Act robbery or robbery conspiracy were crimes of violence for purposes of Section 924(c) should have been presented to the jury and the failure to do so deprived Mr. Christian and his co-defendants of their Sixth Amendment right to trial by jury on Counts Four and Five and those convictions must therefore be vacated.

### 4. Conclusion

For the reasons herein as well as those set forth in prior defense filings, including those submitted by his co-defendants, Raymond Christian respectfully requests (1) that Counts Four and Five be dismissed; (2) that Count Five be dismissed as duplicitous of Count Four (or, in the alternative, that any sentences for Counts Four and Five run concurrent to each other); (2) that the government be directed to make the DNA material available to a privately retained DNA expert; (3) and that the government be directed to produce a sworn statement from the law enforcement agents who interviewed Mr. Christian on December 17, 2010 as to what happened to the photograph after it was taken.

We also respectfully ask that this Court schedule a hearing at which the parties can present oral argument on these issues, in light of the legal updates since our last appearance in court. This would help our clients better understand the various considerations delaying final determination of their cases. Mr. Christian, for example, has now been in the Metropolitan Correctional Center for nearly seven years, providing him ample opportunity to wonder when, if ever, the various topics defense counsel has been litigating will end. A hearing or at least a status conference might provide much-needed explanation to the process at work here.

Respectfully,

_____/s/_____
Megan Wolfe Benett, Esq.

cc: all counsel of record via ECF