MEMO ENDORSED

# KREINDLER & KREINDLER LLP
ATTORNEYS AT LAW

750 THIRD AVENUE
32nd FLOOR
New York, NY 10017
(212) 973-3406
Fax No. (212) 972-9432

**MEGAN WOLFE BENETT**

www.kreindler.com
mbenett@kreindler.com

October 17, 2018

Via ECF/CM
Hon. Edgardo Ramos
United States District Court
for the Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *United States v. Christian*, *et al.* (Raymond Christian) 12 Cr. 626

Dear Judge Ramos:

    I am defense counsel for Raymond Christian and submit this supplemental letter in light of the Second Circuit's recent post-*Dimaya* decision in of *Barrett v. United States*, 14-2641-cr. Previously, Mr. Christian and his co-defendants moved to vacate the convictions for Counts Four and Five (violations of 18 U.S.C. §§ 924(c) and (j)) on various grounds, including that neither a Hobbs Act attempted robbery nor robbery conspiracy constituted a crime of violence and that the aiding and abetting instructions violated the standard the Supreme Court established in *United States v. Rosemond*, 134 S.Ct. 1240 (2014).

    For the following reasons, we continue to ask this Court to vacate the Count Four and Count Five convictions or, in the alternative, stay decision in Mr. Christian's case in light of the likelihood that the Supreme Court will accept one or more cases to resolve whether the categorical approach that was ruled unconstitutionally vague in the context of 18 U.S.C. § 16 can be read constitutionally in the context of 18 U.S.C. § 924(c), and also in light of the fact that appellant in *Barrett* will be petitioning for rehearing and rehearing *en banc* in the Second Circuit.

    In this case, the 18 U.S.C. § 924 violations charged in Counts Four and Five were premised on both Counts One and Two. Count One was a Hobbs Act robbery conspiracy. Count Two was charged as either a committed or an attempted robbery. Trial Tr., pp. 2419 – 2421. The jury was instructed that it could rest a Count Two guilty verdict on proof that Mr. Christian and his codefendants "attempted robbery." Trial Tr., p. 2421. That is, both of the Count Three and Count Four 18 U.S.C. § 924 convictions could have been premised on the attempted robbery, not a completed robbery or a robbery conspiracy.

*United States v. Raymond Christian*
12-cr-626 (S.D.N.Y.) (ER)
Defense Supplemental Letter
October 17, 2018
p. 2 of 5

While the Second Circuit has held that a completed Hobbs Act robbery and a Hobbs Act conspiracy are crimes of violence for purposes of § 924(c) (*see Barrett* (concerning Hobbs Act conspiracy) and *United States v. Hill*, 890 F.3d 51 (2d Cir. 2018) (holding that completed Hobbs Act robbery was categorically a crime of violence under 18 U.S.C. § 924(c)(3)(A)), it has not ruled on whether an attempt to commit a Hobbs Act robbery is a crime of violence for purposes of a § 924 firearms offense.

A predicate crime will qualify as a "crime of violence" under 18 U.S.C. § 924(c)(3) if it either (A) has as an element the use (or threatened or attempted use) of "physical force against the person or property of another" (the "elements clause") or (B) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause").  Prior convictions for attempted Hobbs Act robbery establish that the offense can be committed without the use (threatened use or attempted use) of physical force, and thus the crime does not fit within the elements clause.  And because in this case, even under the Second Circuit's new "conduct-specific approach" to the residual clause, the issue was not presented to a jury and the proof of the substantial risk of physical force was not overwhelming, the Counts Four and Five convictions cannot survive under the residual clause, either.

As to the elements clause, several cases establish that one can attempt to commit attempted Hobbs Act robbery without actually using, attempting to use, or threatening to use violent, physical force. *See United States v. Gonzalez*, 441 Fed. App'x 31, 36 (2nd Cir. 2011) (upholding conviction where defendant was casing location and began preparations to commit robbery); *see also United States v. Wrobel*, 841 F.3d 450, 453-455 (7th Cir. 2016) (upholding attempted Hobbs Act robbery conviction where defendants planned robbery, traveled across state lines for the purpose of robbing a diamond merchant, and law enforcement recovered hooded sweatshirts, a black hat, three pairs of gloves and a pry bar before robbery committed); *United States v. Muratovic*, 719 F.3d 809, 815-16 (7th Cir. 2013) (upholding conviction where defendant finalized plans, conducted surveillance, procured supplies, and arrived at destination point on the day set for the robbery); *United States v. Turner*, 501 F.3d 59, 68-69 (1st Cir. 2007) (proof sufficient where defendant planned robbery, prepared, and gathered at designated assembly point); *United States v. Williams*, No. 10-427-6, 2011 WL 2621005, *1 (E.D. Pa. 2011) (proof sufficient where defendant participated in meetings, gathered documents, and armed himself).  Given that an attempted Hobbs Act robbery can be committed without proof of the use, threatened use or attempted use of physical force against another, the crime cannot categorically satisfy the elements clause.[1]

---

[1] The term "attempted" in 18 U.S.C. § 924(c)(3)(A) refers only to physical force against the person or property of another.  As the cases above demonstrate, however, an attempted Hobbs Act robbery can be completed even without such force.

*United States v. Raymond Christian*
12-cr-626 (S.D.N.Y.) (ER)
Defense Supplemental Letter
October 17, 2018
p. 3 of 5

With respect to the residual clause, while *Barrett* established a novel "conduct-specific" analysis, such an approach requires that the question about whether the "substantial risk that physical force against the person or property of another" be used in the commission of the offense be put to the jury. *See Barrett*, Slip Op., p. 32 – 33.  And the failure to do so does not constitute harmless error here.

Unlike in *Barrett*, where the "crime of violence" was a series of robberies that "routinely" involved victims who were "punched, sometimes with sufficient force to break bones, draw blood, or result in loss of consciousness"; where "lives were threatened at knifepoint and gunpoint"; and where "[b]aseball bats were used to shatter the glass windows of a victim's car while he was in it and then to threaten him with physical injury" (*Barrett*, Slip Op., p. 34), in this case the Hobbs Act conviction was based on a single act, with a firearm discharge the source of which was so uncertain that the jury could not even determine what individual was directly responsible.  Because the jury was not asked to decide whether the government had proved beyond a reasonable doubt that the real-world conduct, "*by its nature*, involved a substantial risk of the use of physical force" and because the proof at trial did not mandate that such a conclusion was the only one "rationally possible," the error of removing this issue from the jury's consideration was not harmless. *See Barrett*, Slip Op., p. 34 (emphasis in original).

While there was a firearm crime in Mr. Christian's case, surely the firearm charge that was the basis of the 18 U.S.C. § 924 prosecution cannot also, simultaneously, serve as the conduct that satisfies the *Barrett* inquiry.  Relying on the 18 U.S.C. § 924 crime to prove the violent nature of the underlying predicate act would be a logical fallacy.  Every 18 U.S.C. § 924 crime depends on the existence of an underlying violent felony.  If the 18 U.S.C. § 924 crime itself makes the underlying felony a crime of violence, then, necessarily, every single felony becomes a violent felony merely by the presence of the weapon.  This sort of circular reasoning would render the statutory language of 18 U.S.C. § 924(c) meaningless.  The statute requires that a conviction rest not on just any kind of felony, but on a felony that is itself – irrespective of the gun – violent.  To bootstrap the violence onto the predicate felony by the presence of the firearm would violate fundamental Supreme Court canons of statutory interpretation as well as threaten a criminal defendant's rights under the Due Process Clause.

First, eliminating the requirement that the predicate felony was a crime of violence irrespective of the 18 U.S.C. § 924 charge would treat the statute's requirement of a predicate crime of violence "as surplusage—as words of no consequence. … Judges should hesitate so to treat statutory terms in any setting, and resistance should be heightened when the words describe an element of a criminal offense." *Ratzlaf v. United States*, 510 U.S. 135, 140- 41 (1994), citing *Pennsylvania Dept. of Public Welfare v. Davenport,* 495 U.S. 552, 562 (1990) (expressing "deep reluctance" to interpret statutory provisions "so as to render superfluous other provisions in the same enactment").  Such an approach to 18 U.S.C. § 924 crimes would, indeed, "violate[] the cardinal rule of statutory interpretation that no provision should be construed to be entirely redundant." *Kungys v. United States*, 485 U.S. 759, 778 (1988) (Scalia, J., plurality opinion); *see*

*United States v. Raymond Christian*
12-cr-626 (S.D.N.Y.) (ER)
Defense Supplemental Letter
October 17, 2018
p. 4 of 5

also *South Carolina v. Catawba Indian Tribe, Inc.*, 476 U.S. 498, 510 n.22 (1986); *Montclair v. Ramsdell,* 107 U.S. 147, 152 (1883) ("It is our duty 'to give effect, if possible, to every clause and word of a statute,' rather than to emasculate an entire section").

  Second, interpreting 18 U.S.C. § 924(c)(3)(B) to allow for the necessary "substantial risk that physical force against the person or property of another" be established by the very firearm that led to the 18 U.S.C. § 924 charge would so broaden the statute's reach as to violate the rule of lenity, threatening the rights of criminal defendants under the Due Process Clause. Where, as here, "text, structure, and history fail to establish that the Government's position is unambiguously correct" a court must "apply the rule of lenity and resolve the ambiguity in [the criminal defendant's] favor." *United States v. Granderson*, 511 U.S. 39, 54 (1994.) Indeed, it is a "time-honored interpretive guideline that uncertainty concerning the ambit of criminal statutes should be resolved in favor of lenity." *United States v. Kozminski*, 487 U.S. 931, 952 (1988).

  Alternatively, should this Court decide not to vacate the Count Four and Count Five convictions on the grounds set forth here (as well as those previously argued), it should stay determination of the issue. There is currently a 3-2 circuit split as to the applicability of the Supreme Court's holding in *Dimaya v. United States*, 584 U.S. ___ (2018) striking as unconstitutionally vague the 18 U.S.C. § 16 residual clause on convictions resting on the identically worded 18 U.S.C. § 924(c) residual clause. Three Courts of Appeals – the Fifth, Tenth and District of Columbia Circuits – have held that 18 U.S.C. § 924(c)(3)(B) is unconstitutional in light of *Dimaya*. *See United States v. Davis*, ___ F.3d ___, 2018 WL 4268432 (5th Cir. Sept. 7, 2018); *United States v. Eshetu*, 898 F.3d 36 (D.C. Cir. 2018); *United States v. Salas*, 889 F.3d 681 (10th Cir. 2018). Two Courts of Appeals – the Second and Eleventh Circuits – have upheld the residual clause despite *Dimaya*. *See Ovales*, ___ F.3d ___, 2018 WL 4830079 (11th Cir. Oct. 4, 2018); *United States v. Barrett*, ___ F.3d ___, 2018 WL 4288566 (2d Cir. Sept. 10, 2018). The federal government has filed petitions for *certiorari* asking the Supreme Court to consider whether the categorical approach should be applied to 18 U.S.C § 924(c) predicate crimes in *Davis*, *Eshetu* and *Salas*. Given the high probability that the split among Courts of Appeals and the government's petitions will lead to Supreme Court review of the very questions raised in Mr. Christian's moving papers, this Court should stay a decision while the Supreme Court decides whether to address the issue. Further, because the defendant-appellant in *Barrett v. United States*, 14-2641, is seeking rehearing and rehearing *en banc*, we believe that even if not stayed pending Supreme Court consideration, this Court should stay consideration of the issue until after the Court of Appeals has reviewed and / or decided on the *Barrett* petition for rehearing / rehearing *en banc*.

  Finally, Mr. Christian has been held at the Metropolitan Correctional Center for over six years, detained for an offense committed one month past his eighteenth birthday. Though the important legal issues in his case require careful consideration, he likely (and perhaps understandably) feels that he is languishing in a detention center, with the various topics raised in his post-trial briefing (the constitutionality of the Count Four and Five convictions, his request

*United States v. Raymond Christian*
12-cr-626 (S.D.N.Y.) (ER)
Defense Supplemental Letter
October 17, 2018
p. 5 of 5

for access to DNA material, his objection to the Newburgh Police Department's failure to preserve and produce a photograph of him taken soon after the robbery and shooting) unresolved. I would ask that this Court consider scheduling a status conference, during which time these issues can either be addressed, or the timing of their resolution can at least be explained to him by the Court.

                                                Respectfully,

                                                _____/s/_____

                                                Megan W. Benett

cc: All counsel of record via ECF/CM.

---

A status conference in this case will be held on Friday, November 2, 2018, at 2:30 PM. The government is hereby directed to submit a written response to Defendants' letter, not longer than three pages, by Tuesday, October 30, 2018.

SO ORDERED.

_____
Edgardo Ramos, U.S.D.J
Dated: 10/23/2018
New York, New York