**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 26, 2019

**BY ECF**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

> Re:   <u>United States</u> v. <u>Raymond Christian</u>, et al.,
>       12 Cr. 626 (ER)

Dear Judge Ramos:

On July 9, 2019, defendant Raymond Christian ("Christian") filed a supplemental post-trial letter motion (the "Letter") in further support of his motion for a judgment of acquittal or a new trial, pursuant to Federal Rules of Criminal Procedure 29 and 33, respectively. (Dkt. No. 352). In the Letter, Christian requests that the Court grant his motion in light of the Supreme Court's recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). More specifically, Christian argues – as he has previously – that his conviction and sentence under Title 18, United States Code, Sections 924(c) and 924(j) should be vacated because neither conspiracy to commit Hobbs Act robbery nor attempted Hobbs Act robbery qualifies as a crime of violence under the "elements clause" contained in Section 924(c).

I.      *The Supreme Court's Decision in* Davis

Pursuant to Section 924(c)(1)(A), "any person who, during and in relation to any crime of violence or drug trafficking crime for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crimes, possesses a firearm" shall be guilty of a crime. 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) defines the term "crime of violence" as a felony that: (i) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "elements clause"); or (ii) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). In *Davis*, the Supreme Court held that the residual clause is unconstitutionally vague and, as a result, only those offenses that satisfy the elements clause are properly considered "crimes of violence" for purposes of a 924(c) charge. *See* 139 S. Ct. at 2336.

Christian is correct that *Davis* abrogates the Second Circuit's holding in *United States v. Barrett*, 903 F.3d 166 (2d Cir. 2018), that Hobbs Act robbery conspiracy is a "crime of violence" under the residual clause (and thus a proper predicate for a gun charge under 18 U.S.C. § 924(c)

and (j)). Nevertheless, Christian's 924(c) and (j) convictions are predicated on the robbery conspiracy charged in Count One *and* the substantive robbery charged in Count Two of the Indictment. And the case law is clear that substantive Hobbs Act robbery, as charged in Count Two, satisfies the elements clause and, thus, is a crime of violence for purposes of Sections 924(c) and (j). That Count Two charges *attempted* as well as completed robbery does not, as Christian suggests, take it outside Section 924(c)'s elements clause under a categorical approach.

II.     *Attempted Hobbs Act Robbery is a Crime of Violence Under Section 924(c)(3)(A)*

Applying the plain language of Section 924(c)(3)(A) and the Hobbs Act, every court to address the issue to date has held that *attempted* Hobbs Act robbery constitutes a crime of violence under the elements clause. *See, e.g., United States v. St. Hubert*, 883 F.3d 1319, 1333-34 (11th Cir. 2018) ("Like substantive Hobbs Act robbery, attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause because that clause expressly includes 'attempted use' of force"; attempt crimes require intent to commit every element of the completed crime, "including [here] the taking of property in a forcible manner"), *cert. denied*, 139 S. Ct. 1394 (2019); *Hill v. United States*, 877 F.3d 717, 718-19 (7th Cir. 2017) ("When a substantive offense would be a violent felony under § 924(e) and similar statutes, an attempt to commit that offense also is a violent felony."); *Brown v. United States*, 2016 WL 4491852, at *2 (W.D. Mo. Aug. 25, 2016) (denying § 2255 motion where underlying convictions were for attempted Hobbs Act robbery and brandishing a weapon in furtherance thereof, because attempted Hobbs Act robbery is a crime of violence; denying certificate of appealability); *Camacho v. United States*, No. 16-CV-22939, 2018 WL 889456, at *9 (S.D. Fla. Jan. 22, 2018) ("Hobbs Act robbery and attempted Hobbs Act robbery are categorically crimes of violence."), *report and recommendation adopted*, No. 16-22939-CIV, 2018 WL 898229 (S.D. Fla. Feb. 13, 2018); *United States v. Johnson*, No. 2:12-cr-00336-JAD-CWH, 2018 WL 3518448, at *4 (D. Nev. July 19, 2018) ("Because completed Hobbs Act robbery categorically qualifies as a crime of violence under § 924(c)'s force clause, attempted Hobbs Act robbery also qualifies as a crime of violence, as the force clause encompasses the attempted or threatened use of force."); *United States v. Crawford*, No. CIV-16-752-M, 2018 WL 1123879, at *2 (W.D. Okla. Mar. 1, 2018) ("[A]ttempted Hobbs Act robbery is a crime of violence under § 924(c)(3)(A)'s force clause"); *United States v. Baires-Reyes*, No. 15-CR-00122-EMC-2, 2016 WL 3163049, at *3 (N.D. Cal. June 7, 2016) ("Attempted Hobbs Act robbery would in fact qualify as a crime of violence because the force clause explicitly encompasses attempted use of physical force"); *Chatfield v. United States*, No. 16-22591-CIV, 2017 WL 1066776, at *11 (S.D. Fla. Mar. 2, 2017), *report and recommendation adopted*, No. 09-20870-CR, 2017 WL 1066779 (S.D. Fla. Mar. 21, 2017) ("It seems clear that an attempted Hobbs Act robbery qualifies as a 'crime of violence' under the 'use of force' clause of 924(c), just as a Hobbs Act robbery does."); *see also Charlton v. United States*, 725 F. App'x 881 (11th Cir. 2018) (aiding and abetting an attempted Hobbs Act robbery is a crime of violence under § 924(c)'s use-of-force clause); *United States v. Armour*, 840 F.3d 904, 908–09 (7th Cir. 2016) (attempted armed bank robbery qualifies as a crime of violence under § 924(c)(3)(A)).

To be clear, the Second Circuit in *United States v. Hill* unequivocally held that Hobbs Act robbery is a crime of violence under the force clause. 890 F.3d 51 (2d Cir. 2018). That Christian's conviction under Sections 924(c) and (j) *may* rest on an underlying attempted Hobbs

Act robbery is of no moment; the force clause explicitly includes within its definition of a crime of violence the "*attempted use . . . of physical force against the person or property of another.* 18 U.S.C. § 924(c)(3)(A) (emphasis added). The fact that an attempted robbery can be committed without the actual or threatened use of force is irrelevant. As the Eleventh Circuit has explained:

> We recognize that St. Hubert argues that a robber could plan the robbery and travel with a gun to the location of the robbery but be caught before entering the store and still be guilty of attempted Hobbs Act robbery. St. Hubert argues that the substantial step required for an attempt conviction will not always involve an actual or threatened use of force and thus attempted Hobbs Act robbery does not qualify under § 924(c)(3)(A). However, . . . we agree with the Seventh Circuit that even if the completed substantial step falls short of actual or threatened force, the robber has attempted to use actual or threatened force because he has attempted to commit a crime that would be violent if completed. Thus, we reject St. Hubert's claim that the substantial step itself in an attempt crime must always involve the actual or threatened use of force for an attempt to commit a violent crime to qualify under § 924(c)(3)(A)'s elements clause.

*St. Hubert*, 909 F.3d at 352-53. Simply put, an attempt to commit Hobbs Act robbery is an attempt to commit all of the elements of the completed robbery, including the use or threatened use of force.

III.     *Christian's Convictions on Counts Four and Five Necessarily Rested on a Valid Attempted Robbery Predicate*

Finally, assuming that an attempt to commit Hobbs Act robbery qualifies as a crime of violence under Section 924(c)(3)(A) (it does), the remaining question is whether Christian's convictions on Counts Four and Five were predicated on the robbery conspiracy or the attempted robbery.

During the jury charge, the Court instructed the jury that, as a matter of law, both the robbery conspiracy alleged in Count One and the attempted robbery alleged in Count Two qualified as crimes of violence. (Tr. 2435:11-20.) This erroneous instruction did not effect Christian's substantial rights or imperil the integrity of the judicial proceedings. Indeed, the Court should deny Christian's motion despite the instructional error. In light of the overwhelming evidence at trial establishing the attempted robbery, Christian cannot demonstrate a reasonable probability that any error affected the outcome of his trial. *See United States v. Marcus*, 628 F.3d 36, 42 (2d Cir. 2010) (explaining that showing an effect on a defendant's "substantial rights" requires a showing that there "is a 'reasonable probability that the error affected the outcome of the trial' " (quoting *Marcus*, 560 U.S. at 265)).

As detailed in the Government's previous briefs, the evidence at trial overwhelmingly established both the robbery conspiracy and the substantive robbery. The evidence consisted of (i) testimony from eighteen witnesses (including cooperating witnesses), (ii) physical evidence, (iii) crime scene photographs, (iv) a video recording showing the robbers walking towards the location of the robbery before the robbery happened and running away from the location afterwards, (v) a 911 call placed by the victim, (vi) expert testimony regarding the cause and

manner of the victim's death; (vii) testimony from a DNA expert, and (viii) excerpts of a video recording of a conversation regarding the robbery.

Regarding the cooperating witnesses, some actually participated in the charged conduct alongside the Christian and his co-defendants. For example, Anthony Baynes, a cooperating witness and one of the participants in the robbery, provided a detailed account of what happened that night. Indeed, Baynes described walking to 54 Chambers Street (the location of the robbery) with several other robbers, including Christian, all of whom were armed with firearms. He described how the robbers accosted several men standing outside of 54 Chambers Street at gun point. Baynes then described in detail what happened inside of 54 Chambers Street. Specifically, Baynes described how Christian, Tyrell Whitaker, and Glenn Thomas, each of whom had a gun, together with the other robbers (Rashawn Vassell and Eric Cromartie) went inside while Baynes and Laquavious Boykin (Christian's half-brother) stood by the entrance as lookouts; how Christian lost his gun while wrestling with one of the victims inside; how Baynes was stabbed by another victim when he tried to help Christian, and how Whitaker, Vassell, and Thomas took turns pulling at the door after they were trapped and shooting around the door at the victim who was holding it shut; and how the robbers were able to escape. (Tr. 482-88.) Thus, there is no reasonable probability that the jury would have reached a different conclusion had Counts Four and Five of the Indictment omitted the reference to the Count One robbery conspiracy and listed only the Count Two substantive robbery as a predicate offense.

Indeed, under *Yates v. United States*, 354 U.S. 298 (1957), vacating Christian's convictions on Counts Four and Five would only be appropriate if it were "'*impossible* to tell which ground the jury selected,' the legally sufficient ground or the insufficient one." *United States v. Agrawal*, 726 F.3d 235, 250 (2d Cir. 2013) (quoting *Yates*, 354 U.S. at 312) (emphasis added). The Second Circuit has recognized, however, that even in some cases with general verdicts, "it is not 'impossible to tell'" which ground the jury selected, and there is no *Yates* concern if the jury would have "necessarily found" the valid ground. *United States v. Zvi*, 168 F.3d 49, 55-56 (2d Cir. 1999); *see also United States v. Coppola*, 671 F.3d 220, 237-38 (2d Cir. 2012) (*Yates* error is harmless if "the jury necessarily would have had to" find defendant guilty of the valid ground). Thus, the Second Circuit has affirmed convictions even upon the invalidation (or assumed invalidation) of one or more objects of a conspiracy, *Zvi*, 168 F.3d at 55-56, theories of liability, *Agrawal*, 726 F.3d at 250-51; *Coppola*, 671 F.3d at 237-38, or racketeering predicate acts, *United States v. Brennan*, 867 F.2d 111, 114-16 (2d Cir. 1989). In each case, the Court was able to conclude from the record that the jury necessarily rested its general verdict on a valid ground, thus eliminating any *Yates* concern regarding the invalidated ground. The Court has applied these principles to Section 924(c) predicates as well. *United States v. Rivera*, 679 F. App'x 51, 55 (2d Cir. 2017) (affirming Section 924(j) conviction because even if crime of violence predicate was invalid, defendant's guilty plea allocution established narcotics conspiracy predicate); *see also Serrano v. United States*, No. 13 Cr. 58 (KBF), 2018 WL 3315727, at *7 (S.D.N.Y. July 5, 2018) (denying challenge under 28 U.S.C. § 2255 because Section 924(c) conviction was supported by narcotics conspiracy predicate even if crime of violence predicate was invalid), *certificate of appealability denied*, No. 18-2555, 2019 WL 980533 (2d Cir. Feb. 21, 2019).

The Second Circuit's recent decision in *United States v. Vasquez*, 672 F. App'x 56 (2d Cir. 2016), is particularly instructive and should be followed here. In *Vasquez*, the defendant was convicted of a narcotics conspiracy, a Hobbs Act robbery conspiracy, and Section 924(c) and Section 924(j) offenses in which the predicate offenses were the narcotics conspiracy and the Hobbs Act robbery conspiracy. *Id.* at 57-58, 60. The defendant argued that Hobbs Act robbery conspiracy is not a "crime of violence" under the risk-of-force clause, and that his Section 924(c) and Section 924(j) convictions could not be affirmed on the basis of the narcotics conspiracy predicate in light of *Yates*. *Id.* at 60. Applying plain-error review, the Second Circuit held that the claim "necessarily fails for lack of any error." *Id.*

The Court assumed that Hobbs Act robbery conspiracy is not a crime of violence but nevertheless affirmed because the Section 924(c) and Section 924(j) convictions were "clearly supported by a narcotics predicate presenting no legal concern." *Id.* at 61. Indeed, the jury had "found the narcotics conspiracy proved beyond a reasonable doubt." *Id.*; *see also id.* at 57-58 (noting defendant's conviction on narcotics conspiracy count). In these circumstances, "there was no possibility that the jury's § 924(c) verdict rested *only* on a Hobbs Act robbery predicate." *Id.* at 61 (emphasis added). Because the Section 924(c) and Section 924(j) convictions "undoubtedly rest[ed] on a valid drug-trafficking predicate, no *Yates* concern ar[ose] from a possible defect in a related 'crime of violence' predicate." *Id.*

Here, too, even though the Count One robbery conspiracy is not a valid crime of violence predicate after *Davis*, Christian's Sections 924(c) and 924(j) convictions are valid because they were clearly supported by an attempted robbery predicate presenting no legal concern. Because both completed and attempted Hobbs Act robbery are crimes of violence under Section 924(c)(3)(A), Christian's convictions on Counts Four and Five, which indisputably are predicated on substantive Hobbs Act robbery *as well as* conspiracy to commit Hobbs Act robbery, are sound, and his motion should be denied.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney


by:   /s/ Christopher J. Clore
Christopher J. Clore
Assistant United States Attorney
(212) 637-1063

CC:   *Counsel for the Defendants* (by ECF)