# KREINDLER & KREINDLER LLP

ATTORNEYS AT LAW

750 THIRD AVENUE
32nd FLOOR
New York, NY 10017
(212) 973-3406
Fax No. (212) 972-9432

**MEGAN WOLFE BENETT**

www.kreindler.com
mbenett@kreindler.com

September 25, 2019

<u>Via ECF/CM</u>
Hon. Edgardo Ramos
United States District Court
for the Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *United States v. Christian*, *et al.* (Raymond Christian) 12 Cr. 626

Dear Judge Ramos:

I submit this letter on behalf of Raymond Christian and his co-defendants in reply to the government's filing arguing that an attempted Hobbs Act robbery is a crime of violence. I further ask that this Court grant a request by Mr. Christian that he be moved by the Bureau of Prisons from the Manhattan Correctional Center to the Westchester County Correctional Facility, to allow his family members who reside in and near Newburgh, New York to visit him pending sentencing.

1. **Counts Four and Five Must be Vacated**

The government argues that under an appellate plain error standard, the erroneous jury instruction and the ambiguity in the general verdict for Counts Four and Five do not warrant vacating the convictions. ECF 359 at 3 – 5. That, however, does not adequately take into account the trial record, in which much of the evidence presented concerned the conspiracy that Mr. Christian and his co-defendants entered into with respect to the stash house robbery. That the jury had some doubt about the sequence of events that took place at 54 Chambers Street is evidenced by their rejection of the government's theory that any one of the defendants actually discharged a weapon, despite the fact that Jeffrey Henry was clearly shot. ECF 146 at 5 – 6. Further confusing matters in this case is the fact that the general verdict form listed Count Two (the only remaining possible predicate for the Counts Four and Five convictions in light of *United States v. Davis*, --- U.S. --- (June 24, 2019)) simply as a "Robbery," when it could in fact only have been either an attempted robbery or a robbery conspiracy, based on the trial evidence.

*United States v. Raymond Christian*
12-cr-626 (S.D.N.Y.) (ER)
Defense Reply-Letter
September 25, 2019
p. 2 of 5

The facts here are therefore meaningfully different from those in the cases upon which the government relies where, on appeal, a court concluded that "there was no possibility that the jury's § 924(c) verdict rested *only* on an [impermissible] Hobbs Act robbery predicate … ." *United States v. Vasquez,* 672 Fed. App'x 56, 61 (2d Cir. 2016). In this case, given the confusion the jury believed there to be about what happened on the night of Henry's death (demonstrated by the finding of no responsibility for any charged defendant having discharged the gun) and the general verdict form a charge of a completed "Robbery," which the government did not even try to prove, it is certainly possible that the Counts Four and Five convictions rested only on the Hobbs Act conspiracy and thus must be vacated.

Even if resting on a Hobbs Act attempted robbery, however, Counts Four and Five must be vacated.

The "elements required for an attempt conviction" are "intent to commit the underlying crime and [taking] a substantial step toward its completion." *United States v. Gagliardi*, 506 F.3d 140, 150 (2d Cir. 2007). "The 'substantial step' requirement for attempt derives from the American Law Institute's Model Penal Code, which in the early 1960s sought to 'widen the ambit of attempt liability.'" *United States v. Farhane*, 634 F.3d 127, 146 (2d Cir. 2011) (citation omitted). "Thus, a 'substantial step' must be 'something more than mere preparation, yet may be less than the last act necessary before the actual commission of the substantive crime.'" *Id*. at 147 (citation omitted).

These elements do not require the "use, attempted use, or threatened use of physical force." § 924(c)(3)(A). Intent to rob is just a mental state and therefore entails no actual, attempted or threatened force. Only if the "minimum criminal conduct" necessary to establish that a defendant took a substantial step towards committing a robbery necessarily requires the "use, attempted use, or threatened use of physical force" can attempted Hobbs Act robbery qualify as a § 924(c) crime of violence. *United States v. Hendricks*, 921 F.3d 320, 327 (2d Cir. 2019) (under "categorical approach" the question is "whether the minimum criminal conduct necessary for conviction under a particular statute necessarily involves violence.") (internal quotation marks and citation omitted). Because the "substantial step" element does not necessarily involve violence, a Hobbs Act attempted robbery is not a crime of violence.

"A defendant may be convicted of attempt even where significant steps necessary to carry out the substantive crime are not completed." *United States v. Yousef*, 327 F.3d 56, 134 (2d Cir. 2003). For example, "reconnoitering the place contemplated for the commission of the crime" shall "not be held insufficient as a matter of law" to constitute a substantial step. Model Penal Code § 5.01(2)(c). Accordingly, where would-be robbers "reconnoitered the place contemplated for the commission of the crime and possessed the paraphernalia to be employed in the commission of the crime," the Second Circuit has held that "either type of conduct, standing alone, was sufficient as a matter of law to constitute a 'substantial step.'" *United States v. Jackson*, 560 F.2d 112, 120 (2d Cir. 1977).

*United States v. Raymond Christian*
12-cr-626 (S.D.N.Y.) (ER)
Defense Reply-Letter
September 25, 2019
p. 3 of 5

As the Second Circuit has held that surveillance alone can support the "substantial step" element of a Hobbs Act attempted robbery, the question then is whether surveillance necessarily requires the "use," "threatened use" or "attempted use" of "physical force against the person or property of another." Because it does not, a Hobbs Act attempted robbery is not a crime of violence.

A completed Hobbs Act robbery can be committed "by means of actual *or threatened* force . . . *or fear of injury*." 18 U.S.C. § 1951(b)(1) (emphasis added). Nothing in the statute requires the threatened force or fear of injury to be based on a genuine threat. For example, someone may rely solely on his "reputation," with no intent of actually using force, to "commit robbery through fear of injury." *United States v. Pena*, 161 F. Supp. 3d 268, 280 (S.D.N.Y. 2016) (citing *United States v. Santos*, 449 F.3d 93, 100-01 (2d Cir. 2006) (The Hobbs Act applies to use of "reputation . . . to instill fear.")). Likewise, a robber may make a threat of force that cannot be carried out, such as displaying an unloaded or inoperable gun. *See, e.g., United States v. Millan-Isaac*, 749 F.3d 57, 61 (1st Cir. 2014) ("Millán entered the restaurant, showed the cashier an unloaded firearm, and told her to give him the money from the register. The cashier complied and placed $114 on the counter, which Millán grabbed before running out the door. . . . Millán pled guilty to . . . robbery in violation of the Hobbs Act and to possessing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c).") (citation omitted); *United States v. Bonner*, 469 F. App'x 119, 132 (3d Cir. 2012) (noting, in context of Hobbs Act robbery and § 924(c), that "a weapon need not be operable to be considered a 'firearm' for the purposes of a conviction") (citing, among others, *United States v. Rivera,* 415 F.3d 284, 286 (2d Cir. 2005) ("[E]very other circuit to consider it has concluded that an inoperable weapon falls within § 921(a)(3)'s definition of a 'firearm.' . . We have no reason to conclude otherwise.")).

Thus, the plain text of the Hobbs Act reaches defendants who do not intend to actually use force. "Threatened force" suffices for purposes of a completed Hobbs Act robbery, even if that threat was empty. Because, however, someone who does not *intend* to use force – such as the bluffing would-be robber – lacks the mental state required to *attempt* to use force, an attempted Hobbs Act robbery can be committed without an attempt to use force. So, for example, surveilling a target intending to make an empty threat of force constitutes attempted Hobbs Act robbery, but it is not an "attempted use . . . of physical force against the person or property of another." § 924(c)(3)(A). Rather, it is an attempt to make an empty threat— which § 924(c)(3)(A) does not reach.

Attempted Hobbs Act robbery can be committed without actually using force, without actually threatening force, and without actually intending – or, thus, attempting – to use force. Consequently, it is not a "crime of violence." A serious and careful review of attempted Hobbs Act robbery confirms the offense does not have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A). Thus, there is no "crime of violence" to support the Count Four or Count Five convictions.

*United States v. Raymond Christian*
12-cr-626 (S.D.N.Y.) (ER)
Defense Reply-Letter
September 25, 2019
p. 4 of 5

### 2. The Bureau of Prisons Should be Directed to Move Mr. Christian to the Westchester County Correctional Center

Since September 2012 – for seven years – Raymond Christian has been detained at the Metropolitan Correctional Center ("MCC"). He arrived there not yet 20 years old and has remained there until the brink of his 27th birthday. Even if he were to be sentenced today, he would remain at the MCC for several weeks if not months, while the Bureau of Prisons ("BOP") determines his security classification and designates him to another facility. Mr. Christian's family – mother, siblings and extended relatives – do not live near Manhattan and the trips from upstate New York to the MCC have been too financially and logistically onerous for them to make with any regularity. Absent the critical family contact, Mr. Christian has had to persevere on his own in a highly punitive and, as recent events have revealed, often dysfunctional environment. The MCC is an aging administrative facility with deteriorating infrastructure designed primarily for pre-trial detention and holdover proceedings. Conditions at the MCC are harsh, including frequent rat and cockroach infestations, nearly constant detention indoors (with only two 1.5 hour visits to the roof each week) and notoriously inedible food. As Attorney General Barr recently observed, there are "serious irregularities at" the MCC "that are deeply concerning[.]" "In Short-Staffed Jail, Epstein Was Left Alone for Hours; Guard Was Substitute," NEW YORK TIMES, Aug. 13, 2019, A18.

Federal pre-trial detainees are regularly assigned to the Westchester County Correctional Facility in Valhalla, New York. That facility is less than an hour from Newburgh, New York, where Mr. Christian's family is located. Moving him to Valhalla would have the salubrious effect of encouraging more frequent family visits, of which Mr. Christian has had, unfortunately, very few in the past several years.

### 3. Conclusion

For the reasons herein, as well as those presented in the defendants' prior submissions, this Court should vacate all defendants' convictions for Counts Four and Five and dismiss those charges. Additionally, Mr. Christian respectfully requests that this Court endorse his request that, to the extent possible, the Bureau of Prisons transfer him from the MCC to the Westchester County Correctional Facility as soon as possible.

*United States v. Raymond Christian*
12-cr-626 (S.D.N.Y.) (ER)
Defense Reply-Letter
September 25, 2019
p. 5 of 5

                                            Respectfully submitted,

                                            _____/s/_____

                                            Megan W. Benett
                                            Counsel for Raymond Christian

cc: All counsel of record via ECF/CM.