# MEMO ENDORSED



KREINDLER & KREINDLER LLP | 750 Third Avenue | New York, NY 10017-2725

office: 212.687.8181 | fax: 212.972.9432 | www.kreindler.com

March 18, 2020

<u>Via ECF/CM</u>
Hon. Edgardo Ramos
United States District Court
for the Southern District of New York
40 Foley Square
New York, NY 10007

   Re: *United States v. Christian*, *et al.* (Raymond Christian) 12 Cr. 626

Dear Judge Ramos:

  I represent Raymond Christian in the above-referenced action and write to ask the Court to adjourn his sentencing currently scheduled for April 8, 2020 for at least 60-days. I have conferred with the government and it has no objection to this request.

  Mr. Christian has been incarcerated at the Metropolitan Correctional Center (MCC) for nearly eight years. Following decision on post-trial motions denying, among other things, Mr. Christian's motion to vacate his convictions for violation of two 18 U.S.C. § 924 counts premised on an attempted Hobbs Act robbery.[1] On March 5, this Court granted Mr. Christian's motion for a revised Presentence Investigation Report (PSR) and request that the PSR interview be conducted only in the presence of counsel. At the time that the Order was issued, the MCC had been on a prolonged lockdown, during which time attorneys were not allowed in for legal visits. While that restriction was lifted on March 9, the MCC initially listed Mr. Christian as having been moved to the Bureau of Prisons (BOP) facility at Fort Dix.  Only several days later, when checking the BOP's inmate locator before going to Fort Dix, did I learn that Mr. Christian had later been transferred back to the MCC.  Then, on March 13, the BOP suspended all visits for a period of (at least) 30 days.

  Additionally, while I had confirmation from the director of the Focus Forward project (whose program Mr. Christian had hoped to complete at the MCC before being designated to another BOP facility), that Mr. Christian had been chosen to participated in

---

[1] At least four other New York district courts have since held that an attempted Hobbs Act robbery is not a predicate crime of violence for purposes of 18 U.S.C. § 924(c)(3). *See United States v. Pica*, 08-cr-559 (E.D.N.Y.) (CBA) ECF No. 378 (filed March 17, 2020); *United States v. Cheese*, 18-cr-33-2 (E.D.N.Y.) (NGG), 2020 WL 705217, *3 (E.D.N.Y. Feb. 12, 2020); *Lofton v. United States*, 16-cv-6324 (W.D.N.Y.) (MAT), 2020 WL 362348, *9 (W.D.N.Y. Jan. 12, 2020); *United States v. Tucker*, 18-cr-119 (E.D.N.Y.) (SJ) 2020 WL 93951, *6 (E.D.N.Y. Jan. 8, 2020).

the first session of 2020 (and was indeed engaged in its programming), the program was temporarily suspended.  I understand that Mr. Christian is also enrolled in a GED program and a drug treatment program, both of which he also hopes to complete at the MCC before being sentenced and designated to another facility.

So as to allow time for an updated PSR to be prepared with counsel present for the interview, and also in the hopes that Mr. Christian can complete the Focus Forward program (and, we hope, his GED and the drug treatment program), I respectfully ask that this Court adjourn the April 8, 2020 sentencing and allow defense counsel to submit a request for a new sentencing date on or after June 8, 2020, once the timing of access to the MCC (and completion of the programs) is more certain.

Respectfully submitted,

_____/s/_____

Megan W. Benett
Counsel for Raymond Christian

cc: All counsel of record via ECF/CM

The application is GRANTED. Christian's sentencing is adjourned to June 25 at 10:00 a.m.  The Court will consider moving up the date of sentencing should the parties be ready before the June 25 date.

Edgardo Ramos, U.S.D.J

Dated: Mar. 19, 2020
New York, New York